## SUPREME COURT.

### WOOD agt. ANTHONY.

Where a party seeks to take advantage of an irregularity by which he could not be prejudiced, he must act *promptly*.

It may well be doubted whether, what was formerly called the *money counts*, are proper to be inserted in a complaint under the Code. (*See Blanchard agt. Strait,* 8 *How. Pr. R.* 83, *expressing similar views.*)

A motion to *set aside* a complaint, because the causes of action are not separately stated (§ 167) and plainly numbered, (*Rule* 87,) is not proper; because, the object of that section and the rule was to make the pleading definite and certain; and when a pleading is indefinite and uncertain the remedy is by motion under § 160, to make it definite and certain by *amendment.* (*Disagrees with the decision upon this point in* 8 *How. supra.*)

*Montgomery Circuit, December,* 1853. Motion by defendant to set aside complaint. The facts sufficiently appear in the opinion of the court.

MITCHELL & ELY, *for Motion.*
J. D. GROS, *Opposed.*

CADY, Justice.—The plaintiff, in what may be called the first count in his complaint, has stated all the facts constituting a cause of action against the defendant for $216,67, and interest since the 15th November, 1848; after which he has added, what under the old practice was called a money count; he, however, neglected to number the different causes of action, as is required by the 87th rule of the court. The complaint was served by mail on the 29th day of August, 1853, and on the 6th day of October, 1853, being the thirty-ninth day after the service of the complaint, the defendant's attorneys obtained an order

from Mr. Justice MARVIN, staying the proceedings on the part of the plaintiff until the 21st day of October last; and that the plaintiff should then show cause before the said justice at his chambers in Jamestown, in the county of Chautauque, why the proceedings should not be further stayed, until a motion to set aside the complaint could be made at a special term to be held at Fonda, in the county of Montgomery, on the fourth Monday in November then next. And as the motion could not be made until the 5th of December, 1853, the plaintiff was delayed fifty-nine days after he was entitled to an answer. And after the complaint was served, and before the motion was made, there were nine special terms at which the motion might have been made.

These facts show that the defendant was not unwilling to delay the plaintiff. And upon what grounds does he now move to set aside the complaint? On the ground that the several causes of action set forth therein are not separately stated and plainly numbered, as required by the 87th rule of this court; and also on the ground that the complaint is indefinite and uncertain. These objections are technical, and when a party seeks to take advantage of an irregularity by which he could not be prejudiced, he should act promptly. Nichols agt. Nichols, (10 *Wend.* 560.)

The defendant's delay in this case has probably been much more prejudicial to the plaintiff, than the plaintiff's irregularity could possibly have been to the defendant. Upon that ground the motion ought to be denied with costs. But that is not the only ground upon which the motion may be denied. The object of section 167 of the Code, requiring the causes of action to be separately stated, and of rule 87, requiring them to be plainly numbered, was to render the pleading definite and certain; and when a pleading is indefinite and uncertain, the proper remedy is, by motion under § 160 of the Code, for an order to make the pleading definite and certain by an amendment.

It may well be doubted, whether what may be called the money count in the complaint is warranted by the Code. On that point I agree with the opinion expressed by Mr. Justice

CRIPPEN, in Blanchard agt. Strait. (8 *How. Pr. R.* 83.) In that case the motion was to set aside the plaintiff's pleadings for irregularity; also to strike out portions of the complaint for redundancy; and also to require the plaintiff to make the complaint more definite and certain. Justice CRIPPEN set aside the complaint on two grounds; one of which was, that the 87th rule had not been complied with. I cannot agree that that was good cause for setting aside the complaint; the defect would have warranted an order to make the complaint more definite and certain; the other ground upon which the complaint was set aside, does not exist in this case.

In this case the defendant might have had an ample remedy upon a motion for an order directing the plaintiff to make his complaint more definite and certain; and as he has asked for a remedy to which he is not entitled, his motion must be denied, with $10 costs.