DOUGLASS MITCHELL *et al.* v. RIPLEY & BRONSON.

NO. 103.

1. STATUTE OF LIMITATIONS — *must be pleaded.* The question of statutory bars is a matter of defense, and, unless the pleadings show upon their face that the cause of action cannot be maintained, they must be specially pleaded.

2. PLEADING — *pleader bound by allegations most strongly against him.* Where allegations in the answer are inconsistent with each other, the defendant is bound by those against him. *Bierer v. Fretz,* 32 Kan. 329.

3. ———— *filing amended answer in discretion of the court.* Permission to file an amended answer is a matter largely in the discretion of the trial court, and there is no abuse of discretion in this case.

Error from Ford District Court. Hon. A. J. Abbott, Judge. Opinion filed June 18, 1897. *Affirmed.*

*Sutton & McGarry*, for plaintiffs in error.

*W. H. Robb*, for defendants in error.

DENNISON, P. J. This is an action upon a statutory bond, brought in the District Court of Ford County, Kansas, by Ripley & Bronson, as plaintiffs, against Douglass Mitchell and others as defendants, to recover the sum of $280.72 and interest.

The petition alleges that Douglass Mitchell, W. G. Sherlock and James Langton were partners, doing business under the firm name of Douglass Mitchell & Co.; that as such firm they entered into a contract with the officers of the city of Kinsley, to erect and construct a system of waterworks for said city, consisting among other things, of what is known as a standpipe, water mains, etc.; that they filed in the office of the clerk of the district court of Edwards County, Kansas, the bond provided for in paragraph 4747 of the General Statutes of 1889, and the remaining defendants were sureties upon said bond; that the plaintiffs Ripley & Bronson contracted to, and did furnish to, the firm of Douglass Mitchell & Co. certain materials for the erection of said waterworks; that on May 23, 1888, the plaintiffs and Douglass Mitchell & Co. had an adjustment of their accounts and agreed among themselves that the amount remaining due to Ripley & Bronson from Douglass Mitchell & Co. was the sum of $280.72, for which the said Douglass Mitchell & Co. gave to Ripley & Bronson an order upon the treasurer of the city of Kinsley; that said order was presented by plaintiffs to said city treasurer and payment was refused. The bond and order are both attached to the petition as exhibits, and made a part thereof.

820      MITCHELL v. RIPLEY.

S. Dept.          Opinion.   Dennison, P. J.          5 Kan. App.

The defendants in their answer admit the execution of the contract with the city, and also the bond, and allege that the materials furnished by the plaintiffs were furnished by them directly to the city of Kinsley, upon a written contract entered into by the plaintiffs with said city.

They also allege that it was further agreed that the amount paid plaintiffs by the city should be deducted from the contract price agreed upon by Douglass Mitchell & Co. and the city, but that the amounts so paid should be evidenced by an order from the defendants to the city, and in favor of Ripley & Bronson.

The case had twice before resulted in a mistrial by reason of the jury failing to agree. Upon this trial the plaintiffs introduced their testimony and rested. When the defendants offered to introduce their testimony the plaintiffs objected to the introduction of any testimony by the defendants, for the reason that the answer filed by them did not state facts sufficient to constitute a defense to the petition and allegations therein contained. The court sustained said objection. The defendants made application to amend their answer so as to show :

"That after the contract was made between said company and said city as alleged in plaintiff's petition, and after the execution of the bond sued on in this action, that said contract which is mentioned in said bond was so modified by agreement of the parties thereto, that the city was to furnish the materials for constructing said water-works and said company was only to furnish the labor therefor ; which said contract so modified was duly executed."

The court refused to allow this amendment. Thereupon the court instructed the jury to return a verdict for the plaintiffs, which was accordingly done. Judgment was rendered against the defendants for $352.20, and they bring the case here for review.

The errors complained of and argued by the plaintiffs in error are upon the refusal of the court to permit the introduction of evidence to sustain the allegations of the answer, and upon the refusal of the court to permit the amendment to the answer to be filed.

The plaintiffs in error contend that the petition alleges : *First*, that the action was commenced within six months from the completion of the waterworks ; *second*, that plaintiffs sold materials to defendants to be used in the construction of the waterworks ; *third*, that the contract price exceeds one hundred dollars ; *fourth*, that plaintiffs and defendants adjusted their accounts and agreed that defendants owed plaintiffs $280.72 ; *fifth*, that the defendants gave plaintiffs an order on the city of Kinsley for $280.72 ; *sixth*, that the amount due is $280.72.   They contend that these allegations are each denied in the answer, and that the six issues should have been submitted to the jury. We do not so understand the issues raised.   The execution of the bond and order stand admitted.    The bond recites the fact that said defendants entered into a contract with said city, to construct and furnish the materials for a system of waterworks for said city according to the plans and specifications for the same adopted by said city ;  and the conditions recited in the bond were, that the obligors shall pay all indebtedness incurred for labor and material furnished in the construction of said waterworks.    The order reads as follows :

"*City Treasurer, Kinsley, Kan.*: Please pay to Ripley & Bronson or order $280.72, account pipes, hydrants, etc.          ˙          D. MITCHELL & Co."

So far as the first and third allegations above mentioned are concerned, they relate to matters of defense, and must be specially pleaded unless the pleadings

show upon their face that the cause of action cannot be maintained. "A defendant generally has no right to rely upon any defense except such as he has set up in his answer." *Bell v. Wright*, 31 Kan. 237. A general denial will not raise the question of a statutory bar. See *Parker v. Berry*, 12 Kan. 351.

Where the pleadings do not on their face show that the cause or the relief sought is barred by the Statutes of Limitation, the statute must be specially pleaded. *Chellis v. Coble*, 37 Kan. 558.

The second allegation is inconsistent with the recitals in the bond, and the fourth, fifth and sixth allegations are inconsistent with the order. "Where allegations in an answer are inconsistent with each other, the defendant is bound by those against him." *Bierer v. Fretz*, 32 Kan. 330.

The answer does not state facts, well pleaded, sufficient to constitute a defense to the allegations of the petition, and the court correctly refused to permit the introduction of evidence to sustain it.

The only other question to be considered is, as to whether the court erred in refusing to permit the filing of the amendment to the answer. This is a matter largely within the discretion of the trial court. In this case there was no such an abuse of discretion as calls for a reversal by this court. The trial judge was in a much better position to pass upon the merits of the application to amend than we are.

For the reasons above stated we must hold that the court committed no error in instructing the jury to return a verdict for the plaintiffs, nor in overruling the motion for a new trial.

The judgment of the District Court is affirmed.

Schoonover, J., concurring.

Milton, J., having been of counsel, not sitting.