## SOUTHERN SURETY CO. v. WAITS.

No. 3991. Opinion Filed February 2, 1915.

(146 Pac. 431.)

1. **APPEAL AND ERROR—Pleading—Stating and Numbering Causes—Motion.** The action of the trial court in overruling a motion to require the different causes of action in a pleading to be separately stated and numbered will not be reversed when said motion does not specifically point out the matters upon which the action of the court is desired, and where said motion does not designate the matters supposed to constitute each separate and distinct cause of action.

2. **MUNICIPAL CORPORATIONS—Public Improvements—Contractor's Bond—Right to Require.** The officers of a municipal corporation are authorized by section 3881, Rev. Laws 1910, to require from any person or persons entering into a contract for the pur-

Form 17

pose of making public improvements a bond with good and suf-
ficient sureties, conditioned that such contractor or contractors
shall pay all indebtedness incurred for labor or material in
making said public improvements.

3.    EVIDENCE—Presumptions—Official Acts. The law presumes
the validity and regularity of the official acts of public officers
within the line of their official duty, and this presumption ordin-
arily obtains until overcome by proof.

(Syllabus by the Court.)

*Error from County Court, McIntosh County;*

*Frank W. Rushing, Judge.*

Action by J. M. Waits against the Southern Surety Company,
a corporation. Judgment for plaintiff, and defendant brings
error. Affirmed.

*Hutchings & German,* for plaintiff in error.

*Lucas & Tabor,* for defendant in error.

HARDY, J. On January 16, 1911, C. R. Nichols entered
into a contract with the city of Checotah for the construction of a
sewer system in said city, and on March 27, 1911, entered into a
contract with said city for the installation of an extension of its
waterworks plant, and executed and delivered to said city two
bonds, with the Southern Surety Company as surety, both of
which bonds were conditioned that the said Nichols should pay
all bills incurred for labor and material furnished in the installa-
tion and completion of said work. During the progress of said
work said Nichols issued certain negotiable duebills for work and
labor to various parties, aggregating $245.18 for work upon the
sewer system, and $76.85 for work upon the waterworks system;
all of which duebills were assigned to plaintiff, and payment of
same refused by said Nichols; and judgment is therefore asked
against the surety on said bonds.

On November 11, 1911, the Southern Surety Company, who

will hereafter be designated as defendant, filed its demurrer in said cause to the plaintiff's petition, in which the sufficiency of said petition was challenged, first, because same did not state a cause of action, and, second, because of a defect in parties defendant, which demurrer was, on November 21, 1911, sustained as to the first ground and overruled as to the second, and exceptions saved by defendant. Thereupon, on said date, said defendant filed its motion to require the plaintiff to separately state and number the causes of action contained in his amended petition, which motion was by the court overruled, and exceptions saved; and, defendant declining to plead further, judgment was rendered in favor of the plaintiff in the sum of $322.23, and the case is brought here for review.

There are two assignments of error relied upon in defendant's brief, as follows: The court below erred: First, in not sustaining the motion of the defendant to require the plaintiff to separately state and number his causes of action; and, second, in giving judgment on said petition, as the same did not state a cause of action against the defendant.

The motion to require the plaintiff to separately state and number his causes of action was not filed until after the demurrer had been passed upon by the court, and did not point out in any particular the matters which defendant desired the court to act upon, nor did it designate the matters supposed to constitute each separate and distinct cause of action. No answer was filed to the petition, nor issue joined upon the allegations therein. The motion to require the plaintiff to separately state and number his causes of action is a formal one, not going to the merits of the case, and should be presented promptly. *Wood v. Anthony,* 9 How. Prac. 78; *French v. Deane,* VT *Colo.* 504, 36 Pac. 610, 24 L. R. A. 387. We think that in fairness to the trial court and to the opposite party the motion to separately state and number the plaintiff's different causes of action should point out specifically

the matters which the defendant desires the court to take action upon, and should designate the matters supposed to constitute each separate and distinct cause of action, so that the court might act intelligently. The court, however, might, in its discretion, have acted upon and sustained the motion, but, having overruled the same, the question is then presented whether this court should reverse the decision of the trial court because of its ruling thereon. We think not. *Ambrose v. Parrott,* 28 Kan. 693; *Gilmore v. Norton,* 10 Kan. 491; *Cockrell v. Schmitt,* 20 Okla. 207, 94 Pac. 521, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56; *Grimes v. Cullison,* 3 Okla. 268, 41 Pac. 355; *File v. Springel,* 132 Ind. 312, 31 N. E. 1054; *Goldberg v. Utley,* 60 N. Y. 427.

Under the second assignment it is urged that the bonds sued upon are invalid, because not authorized by law. Section 6164, Comp. Laws 1909, being section 3881, Rev. Laws 1910, is as follows:

"Whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding one hundred dollars, with any person or persons, for purpose of making any public improvements, or constructing any public buildings or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureites to the state of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements."

Section 6165, Comp. Laws 1909, being section 3882, Rev. Laws 1910, requires such bond to be filed in the office of the clerk of the district court in which such public improvement is made, or building erected, and authorizes any person to whom there is due any sum for labor or material furnished, or his assigns, to bring an action on said bond for the recovery of said indebtedness. We think this statute is applicable to this case, and that the bonds in

question are in compliance therewith. *Dole`e Bros. Co. v. Chaney et al.,* 44 Okla. 735, 145 Pac. 1119. But, if this were not so, nevertheless the bonds must be held valid, for the reason that the same would be good as common-law bonds; for there is nothing in the provisions of said bonds which is in violation of any public policy or law of this state. *Woodward v. Bingham,* 25 Okla. 400, 106 Pac. 843; *Blanchard v. Anderson,* 27 Okla. 732, 113 Pac. 717. The city had the undoubted right, in the absence fo statutory authority, to require bonds to secure payment of labor and material furnished in the progress of the work. *City et al. v. Hindry,* 40 Colo. 42, 90 Pac. 1028, 11 L. R. A. (N. S.) 1028; *Baker v. Bryan,* 64 Iowa, 561, 21 N. W. 83; *Glencoe Lime & Cement Co. v. Von Phul,* 133 Mo. 561, 34 S. W. 843, 54 Am. St. Rep. 695; *Devers v. Howard,* 88 Mo. App. 253; *Am. Surety Co. v. Raeder,* 15 Ohio Cir. Ct. R. 47; *Phila. v. Stewart,* 196 Pa. 309, 45 Atl. 1056; *Lyman v. Lincoln,* 38 Neb. 794, 57 N. W. 531; *Kaufmann v. Cooper,* 46 Neb. 644, 65 N. W. 796; *State ex rel. Bartelt v. Liebes,* 19 Wash. 589, 54 Pac. 26.

The judgment of the court below is affirmed.

All the Justices concur.