## UPHAM SHOE CO. v. POLLARD.

No. 15385—Opinion Filed Sept. 8, 1925.

**1. Payment—Pleading—Necessity for Reply.**

A plea of payment is new matter which must be denied, or it stands admitted; and plaintiff cannot, by alleging in his petition that no payment has been made, anticipate such a defense, and so relieve himself from the necessity of replying to it.

**2. Same—Pleading as Affirmative Defense.**

Payment is an affirmative defense, and to be available must be expressly pleaded. It cannot be shown under a general denial.

**3. Same—Action on Verified Account—Failure to Deny Under Oath.**

The fact that a verified account sued on and set out in the petition is not denied under oath in the defendant's answer does not preclude the defendant from interposing any defense pleaded in the answer which does not involve a denial of the reasonableness of the amounts charged in the verified account or the correctness of the items. In such case it may be pleaded in the answer that the account sued on has been heretofore, by the defendant, fully paid, satisfied, and discharged.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, McCurtain County; G. M. Barrett, Judge.

Action by Upham Shoe Company against T. H. Pollard. From judgment sustaining defendant's motion for judgment on the pleadings, plaintiff brings error. Affirmed.

Pierce, McClelland & Kneeland, for plaintiff in error.

John C. Head, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by Upham Shoe Company, as plaintiff, against T. H. Pollard, defendant, to recover the sum of $407.74, upon an itemized and verified statement of account. The petition alleges "that no part thereof has been paid."

The defendant filed a motion to make the petition more definite and certain by requiring the plaintiff to set forth as exhibits to its petition all unpaid checks given to plaintiff by defendant, together with all other commercial paper received by plaintiff in payment of the account sued on. This motion was overruled. The defendant filed an answer consisting of: First, an unverified general denial; and for further answer alleged that the account sued on had been fully paid, satisfied, and discharged. The plaintiff filed a motion to make the answer more definite and certain by setting out the time and manner of payment. This motion was overruled on the 25th day of April, 1923, and the plaintiff given ten days to plead further to the answer of defendant. No exception was taken by the plaintiff to this ruling of the court. No reply to defendant's answer was filed, and on the 21st day of February, 1924, the defendant filed a motion for judgment on the pleadings.

As shown by the journal entry or judgment the "plaintiff electing not to file a reply herein," the defendant's motion for judgment on the pleadings was sustained and judgment was rendered for defendant. The plaintiff elected to stand upon the pleadings and has duly appealed to this court.

For reversal of the judgment, plaintiff presents two propositions: First, that a reply is unnecessary where it would merely repeat in effect the allegations of the petition. The argument is that the answer of defendant, being unverified, is simply a general denial, and that the further allegation, that "defendant further states that the account sued on herein has been heretofore fully paid, satisfied, and discharged," still leaves the answer an unverified general

denial, and that the plaintiff is not permitted to file a reply unless new matter is stated in the answer.

Section 281, C. S. 1921, provides that:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer; or he may demur to the same for insufficiency, stating in his demurrer, the grounds thereof; and he may demur to one or more of such defenses set up in the answer, and reply to the residue."

It will be observed that whether it was essential for plaintiff to reply to the defendant's answer turns upon the question of whether the plea of payment contained in the answer constituted new matter.

It is well-settled law that payment is an affirmative defense, and to be available must be expressly pleaded. It cannot be shown under a general denial. Standard Fashion Co. v. Joels, 60 Okla. 95, 159 Pack. 846; Ince Nursery v. Sams et al., 73 Okla. 138, 177 Pac. 370; Lawless v. Tuthill, 97 Okla. 210, 223 Pac. 613.

In the case of People's Nat. Bank v. Rickords, 85 Okla. 9, 204 Pac. 130, the court said in the second paragraph of the syllabus:

"Payment is not presumed, and when the antecedent existence of an indebtedness is proven, the burden of proving the discharge by payment is upon the debtor or person alleging the payment."

It is contended that as plaintiff alleged in his petition that the account had not been paid, therefore the petition and answer made up the issues.

In 21 R. C. L. 115, it is said:

"Under the code system of pleading, payment is new matter consisting of a defense and must be pleaded by the defendant, and it cannot be proven under a general denial, either in bar or mitigation of recovery."

The plea of payment tenders an affirmative issue, and the burden of proof must be assumed by the party interposing the plea (21 R. C. L. 119).

In the case of Benicia Agricultural Works v. Creighton (Ore.) 30 Pac. 676, the court said in the syllabus:

"A plea of payment is new matter, which must be denied, or it stands admitted; and plaintiff cannot, by alleging in his complaint that no payment has been made, anticipate such a defense, and so relieve himself from the necessity of replying to it."

The cases cited by plaintiff in error in support of its theory (Cox. v. Gettys, 53 Okla. 58, 156 Pac. 892; Denman v. Brennamen, 48 Okla 566, 149 Pac. 1105; Terrapin v. Barker, 26 Okla. 93, 109 Pac. 931; Muskogee Vitrified Brick Co. v. Napier, 34 Okla. 618, 126 Pac. 792) are not, we think, applicable to the instant case, and are not in conflict with the proposition that when the defendant, in answer to an action on a verified account, pleads payment and full satisfaction of such account, such plea is defensive and constitutes new matter, and the fact that an answer, setting up the defense of payment, is unverified, does not, as a matter of law, admit that the account has not been paid for within the intent and meaning of the statute requiring a denial of the correctness of an account under oath.

Under the second proposition, it is contended that when the petition alleges the correctness of an account duly verified, an unverified answer pleading payment states no defense and a motion for judgment on the pleadings should be rendered in favor of plaintiff and not in favor of defendant; that the answer of defendant is nothing more than an unverified general denial and is not an affirmative defense.

With this contention we cannot agree. That the plea of payment contained in the answer is an affirmative defense is definitely settled, as shown by the decisions of this court, as well as in other jurisdictions heretofore referred to.

Section 287, C. S. 1921, requires a denial of the "correctness of an account" under oath.

The defendant's unverified general denial admitted the correctness of the account. The defense pleaded is that while the account is correct; that is, that the items shown in the account were furnished and the prices charged therefor were reasonable, that the account has been paid by the defendant.

The statute, section 287, supra, merely precludes the defendant from denying the correctness of the account unless his denial is verified, but does not preclude him from setting up the defense of payment. In other words, the defense of payment is not in denial of the correctness of the account.

"A plea of payment presents a good defense to an action on account; but such a plea admits the correctness of the account sued on." 1 C. J. 658.

In 1 C. J. 668, it is said:

"Where the failure to deny the correct-

ness of the amount under oath is merely to preclude the defendant from contesting the correctness of the account, it does not preclude him from setting up any defense consistent with the truth and correctness of the account, such as the statute of limitations, or that the account was not due when the action was commenced, or payment, or setoff, or recoupment, or counterclaim."

In the case of Bower v. Henshaw. 53 Miss. 345, the court, in construing a statute substantially the same as section 287, supra, said in the second paragraph of the syllabus:

"Under section 782, the Revised Code of 1871, only such pleas as are intended to put in issue the original correctness of the account sued on, or some of its items, are required to be verified by affidavit."

Tested by the authorities referred to, a failure to deny under oath in a case such as that presented by this record, does not admit that the account has not been paid. It is the antecedent existence of the indebtedness and correctness thereof which is admitted by a failure to deny under oath.

The cases cited by plaintiff in error in support of its second proposition are not in point.

We conclude that payment is defensive; that it is new matter; and that the statute relied upon does not require verification of such a plea.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. pp. 1253, 1258; 21 R. C. L. p. 115; 4 R. C. L. Supp. p. 1406, 5 R. C. L. Supp. p. 1143. (2) 30 Cyc. pp. 1253, 1262: 21 R. C. L. p. 119; 3 R. C. L. Supp. p. 1135, 4 R. C. L. Supp. 1406. (3) 1 C. J. p. 668 § 203.