## CHICAGO BRIDGE & IRON WORKS v. WALKER et al.

No. 17211—Opinion Filed Oct. 12, 1926.

Rehearing Denied Dec. 21, 1926.

1. **Municipal Corporations—Public Works—Statutory Builder's Bond to Protect Laborers and Materialmen — Delivery of Bond.**

It is essential that a builder's bond signed by the principal and surety under the provisions of section 7486, C. O. S. 1921, be delivered to the person designated by the section to receive the bond, or be delivered to some one, for the use and benefit of the builder and materialmen, in order to become binding on the surety.

2. **Same—Validity of Bond with Municipality Instead of State as Obligee.**

The fact .that a builder's bond, as provided by section 7486, may run in the name of a municipal corporation as obligee. instead of the state of Oklahoma, does not affect the right of the builder and materialmen to recover on the bond for services and material.

3. **Same—Limitation of Action on Bond—Estoppel of Surety.**

The right of action in favor of builders and materialmen on the bond will be barred, unless the action be commenced within six months from the date of the completion of the public improvements of public building, unless the acts or conduct of the surety . against whom the judgment is sought operates to estop such surety from pleading the limitation.

4. **Same—Judgment for Defendant Sureties Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the sureties.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Ok'ahoma County; T. G. Chambers, Judge.

Action by Chicago Bridge & Iron Works against R. Y. Walker et al., as principal, on a builder's bond, and against B. E. Williams, W. W. Vincent, J. W. Carl, and Dr. E. M. Miller, as sureties thereon. Judgment for plaintiff against the principal, and judgment for the sureties against the plaintiff. Plaintiff brings error. Affirmed.

Oliver C. Black, for plaintiff in error.

Geo. P. Glaze, for defendants in error.

Opinion by STEPHENSON, C. R. Y. Walker entered into a contract with the town of Buffalo to construct a waterworks system for the municipality. The Chicago Bridge & Iron Works furnished and installed a water tank for R. Y. Walker, in the course of the completion of the waterworks system. The contractor failed and refused to pay the company for the tank. The construction work was completed in May. The Chicago Bridge & Iron Works commenced its action in December on a builder's bond against R. Y. Walker, as principal, and against B. E. Williams, W. W. Vincent, J. W. Carl. and Dr. E. M. Miller, as sureties thereon. The sureties pleaded the statute of limitation provided by section 7487, C. O. S. 1921. as

a bar to plaintiff's right of recovery against them, for the reason that the action on the builder's bond was not commenced within six months from the date of the completion of the project. The plaintiff replied that it made inquiry of the district court clerk of the county in which the town of Buffalo was situated, and of the officers of the municipality for the bond; that none of the officers knew of the existence of any builder's bond. The plaintiff further replied that it learned that the builder's bond sued on in the action was filed in the office of the district court clerk in the latter days of December, and that it immediately commenced action on the bond against the principal and sureties. The trial of the cause resulted in judgment for the plaintiff against R. Y. Walker, the principal, and for the sureties, on the ground that the action was barred against them at the time the suit was filed.

The sureties charged that the bond was invalid, for the reason that it ran in the name of the town of Buffalo instead of naming the state of Oklahoma as obligee. The fact that the bond ran in the name of the municipality instead of that of the state of Oklahoma would not render the bond invalid, and thereby defeat plaintiff's recovery. Thompson v. Grider Imp. Co. et al., 36 Okla. 165, 128 Pac. 267.

The plaintiff in error makes the point that the instrument should be treated as a common-law contract and upheld; that the statute of limitation provided by section 7487, supra, would not run against the common-law contract.

It was said by this court in the case of Southern Surety Co. v. Waits, 45 Okla. 513, 146 Pac. 431, through Justice Hardy, that:

"The city had the undoubted right, in the absence of statutory authority, to require bonds to secure the payment of labor and material furnished in the progress of the work."

It is said by the courts that, where a mechanic's lien may not be perfected against the property of a municipality, the moral obligation which rests on the officers of the municipality to provide means of payment for labor and material is a sufficient consideration to support the contract running in their name for the benefit of the builders and materialmen. A bond running in the name of the materialmen would be enforceable against the principal and sureties. Our statute authorizes the making of a contract for the benefit of a stranger, or third party, and gives the latter the right to sue on the contract in his own name for the benefits. Federal Surety Co. v. St. Louis Structural Steel Co., No. 15,440, 111 Okla. 208, 239 Pac. 154.

The parties might have done everything prior to the passage of the statutes that was enumerated and required in section 7486, supra, in relation to the builder's bond. A contract executed by the contractor running in the name of the municipality, for the benefit of the builders and materialmen, would have been enforceable against the principal and sureties by those who furnished the material or performed labor prior to the passage of the act. The effect of the provision of section 7486, supra, was to require the parties to do, in every instance, in the construction of public improvements, or public buildings, that which they might have lawfully done voluntarily prior to the act. The effect of the statute was not to create a right to make a contract formerly invalid, but to require the making of a contract, then valid, under the provisions of the law, in every instance, in connection with the making of public improvements or constructing public buildings.

The six months' limitation provided by section 7487, C. O. S. 1921, runs against the contract, the making of which formerly was optional with the parties, but now required by statute.

The limitation is disassociated from the requirement to make the bond; it runs against the contract which might have been made before the enactment of section 7486, supra, now required to be made by the section.

We think in this situation it is not material whether the contract be defined as a common-law contract, or a statutory contract. The contract to which section 7487, supra, refers, and which the limitation runs against, is referred to as a contract made by parties for the benefit of a stranger or third party, who performs services or furnishes material in the making of a public improvement, or the construction of a public building for a municipality. We think the limitation created by section 7487, supra, would run against a contract made by parties for the benefit of strangers or third parties, who furnish material in making a public improvement for a municipality, whether the contract be called a common-law or statutory contract. Green Construction Co. v. Empire Elec. Co., 92 Okla. 127, 218 Pac. 1074; Coyle v. U. S. Gypsum Co., 64 Okla. 153, 166 Pac. 394.

The record does not disclose that the sureties, by their act or conduct, contributed to the delay in filing the bond until six months

had elapsed after the completion of the work. The sureties in a builder's bond do not owe a primary duty to cause the builder's bond to be delivered to some lawful party for the benefit of those who perform services and furnish material in making the improvements. It was essential, in order for the sureties to be bound, that the bond be delivered to some lawful party for the benefit of those for whom the bond was made, in order for the sureties to be bound by the terms of the bond.

It was said in the case of Midland Savings & Loan Co. v. Solomon, by the Supreme Court of Kansas, reported in 79 Pac. 1077:

"Delivery is an essential part of the execution of any instrument. It is not enough to sign and seal a bond. It is effectual only when it is delivered to the party interested in it, or to someone for him. The bond might have been signed wherever it was most convenient to the obligor to give attention to it, but it was an ineffectual and useless paper until delivery by the obligor."

When the sureties in this case signed the bond now sued on, the limitation provided by section 7487, supra, became a part of the contract. The terms of the contract and the provisions of the section charged the sureties with the legal obligation to answer for any suits on the bond filed within six months from the date of the completion of the work. The sureties have the legal right to stand on the contract and law of the contract, unless by their conduct they should waive some legal provision. The record does not show that the delays in delivering the bond, or any wrongs in connection therewith, were the result of acts on the part of the sureties.

In view of the conclusions reached, it will not be necessary to discuss the legal effect of the plaintiff furnishing the material before the delivery of the bond, or the legal effect of the fact that the plaintiff did not know that the bond had been executed until after six months had elapsed from the date of the completion of the work. We do not undertake to say to what extent these phases would enter into the case in connection with the failure to deposit the bond with the district court clerk as required by statute, or within the six months after the completion of the work.

We think the record supports the judgment in favor of the sureties on the builder's bond. No question is made as to the judgment against the principal.

The judgment is affirmed.

By the Court: It is so ordered.