## BARLAS v. CATECHIS.

No. 17618. Opinion Filed Oct. 11, 1927.

Rehearing Denied Feb. 7, 1928.

(Syllabus.)

1. Payment—Plea of Payment as Admitting Correctness of Account Sued on—Evidence.

A plea of payment of an account sued on is an affirmative defense and admits the correctness of the amount asserted by the plaintiff, and the evidence to sustain the allegation of payment must be relative thereto.

2. Same—Erroneous Admission of Defensive Evidence Varying Terms of Contract.

Where the petition of the plaintiff alleges a certain amount due on a contract between the plaintiff and defendant and the defendant files an answer alleging that the claim sued on by the plaintiff had been fully paid prior to the filing of said action, such answer admits the correctness of the account for which suit was brought, and under this state of pleadings it is error to admit testimony of a contract between plaintiff and defendant wholly in variance with the terms of the contract sued on.

**3. Appeal and Error—Prejudicial Error— Instruction Based on Incompetent Evidence.**

Where a timely motion is submitted by a party to an action to strike from the jury its consideration of incompetent testimony and such motion is by the court refused, to which ruling of the court an exception was made, and the court thereafter submits to the jury a material and prejudicial instruction based upon said incompetent testimony, the giving of such instruction constitutes error.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by Theodore G. Barlas against John S. Catechis. Judgment for defendant, and plaintiff brings error. Reversed, with directions.

H. H. Montgomery and M. D. Kirk, for plaintiff in error.

Campbell & Ray, for defendant in error.

LESTER, J. The plaintiff in error was plaintiff below and the defendant in error was defendant below, and will be referred to as they appeared in the district court.

The plaintiff brought an action in the district court of Washington county against the defendant in which plaintiff sought to recover the sum of $500 alleged to be due him for rent from May 1, 1924, until and including the month of February, 1925. The defendant filed a general denial in said cause, and also pleaded payment.

The cause was tried to the court and jury. The jury found the issues in favor of the defendant. Judgment was thereafter rendered upon said verdict and plaintiff prosecutes this appeal to reverse the said judgment.

The plaintiff in his petition filed in the district court alleged in part the following:

"That said defendant agreed and promised to pay as rental for said premises to the plaintiff herein the sum of $50 per month, and agreed and promised to pay said rental for each month on the first day of each month in advance; that said defendant has failed and refused to pay said rentals for ten months, and is therefore justly indebted to this plaintiff in the sum of $500 as aforesaid."

The defendant filed an amended answer to the plaintiff's petition which in part stated:

"First. That he denies each and every, all and singular the material allegations and averments in said petition alleged and contained.

"Second. Further answering, said defendant says that the claim herein sued on by said plaintiff was, before the institution of this action, fully paid and satisfied and that he owes plaintiff nothing thereon."

The plaintiff presents for review two propositions: First, the refusal of the court to strike out the testimony of the defendant relating to the contract providing for a rental payment of $25 per month; second, that the court erred in giving instruction No. 2.

It will be noted that the defendant in his answer states:

"That the claim herein sued on by said plaintiff was before the institution of this action fully paid and satisfied."

The plaintiff in his petition claimed that under a contract had with the defendant the defendant was due him the sum of $50 per month for a period of ten months and plaintiff asked for the recovery thereon the sum of $500.

The defendant answered that this claim had been fully paid. Under this state of pleadings, can it be said that the defendant was entitled to introduce in evidence a contract between himself and plaintiff providing a rental rate of $25 per month? Under the pleadings, could the plaintiff anticipate a variance in proof between the rental contract as alleged in plaintiff's petition and the answer made thereto by the defendant? Was not the defendant confined to evidence based upon the theory of his answer, to wit, that he had fully paid the amount of plaintiff's claim sued upon in his action, to wit, the sum of $50 per month for a period of ten months?

In our judgment, under the pleadings in the case, defendant was not entitled to introduce testimony showing a difference in the rental rate of said property. No other meaning or significance can be attached to the answer of the defendant other than that he admitted the contract set forth in plaintiff's petition and that he had paid the plaintiff the sum of $50 per month for the period of time set forth in plaintiff's petition.

1 Corpus Juris, p. 658, section 176, states the rule to be:

"A plea of payment presents a good defense in an action on account; but such a plea admits the correctness of the account sued on"

In the case of Upham Shoe Co. v. Pollard, 111 Okla. 228, 239 Pac. 244, it is said:

"The defense of payment is not in denial of the correctness of the account."

In the same opinion it is also stated:

"Payment is an affirmative defense, and to be available must be expressly pleaded. It cannot be shown under a general denial."

Instruction No. 2 is as follows, C.-M. 114:

"You are instructed that if you find and believe from a preponderance of the evidence that the agreement between the parties provided for a rental of $50 per month during the period in question, and that the defendant has not paid such rental, then your verdict should be for the plaintiff in such amount as you find to be due him, not exceeding $500, the amount sued for.

"On the other hand, if you find from a preponderance of the evidence that the agreement between the parties provided for a rental of $25 per month during the period in question, and you further find from a preponderance of the evidence that the defendant has paid the plaintiff all the rental due him under the agreement, then your verdict should be for the defendant."

It will be observed that the jury was instructed that if they found from a preponderance that there was an agreement providing for a rental of $25 per month during the period in question, and if they further found from the preponderance of the evidence that the defendant had paid the plaintiff all the rental due him under the agreement, then their verdict should be for the defendant.

In our judgment the defendant was not entitled to this instruction under the pleadings. It was the duty of the defendant, in order to avail himself of payment under a different contract from that set out in plaintiff's petition, to set forth in his answer the alleged substituted contract.

The plaintiff in his testimony denied all knowledge of a contract which defendant introduced in evidence and claimed complete surprise on account of the introduction upon the part of the defendant of said contract. We are of the opinion that, under the pleadings in the case, the court committed error in refusing to strike out the evidence offered upon the part of the defendant tending to show another and different contract from that sued upon by the plaintiff, and it was also error for the court to submit to the jury paragraph No. 2 of instruction No. 2, hereinbefore set out.

Judgment is reversed, with directions to proceed in said cause according to the views herein expressed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 1 C. J. p. 658, §176; 30 Cyc. pp. 1253, 1259, 1260. (2) 30 Cyc. pp. 1259, 1260. (3) 4 C. J. p. 1036, §3016.