### SAUNDERS v. McKEE.

No. 24773.    June 9, 1936.

Rehearing Denied June 30, 1936.

McComb & Conrad, for plaintiff in error.

Paul D. Sullivan and Arthur J. Marmaduke, for defendant in error.

PER CURIAM. On the 13th day of June, 1931, plaintiff filed his action against the Tri-State Supply Company, W. G. Saunders, Ed Saunders, and Bert Saunders to recover upon an account. The Tri-State Supply Company is a fictitious or tradename and it afterwards developed that W. G. Saunders was the sole owner of the same. A verdict was rendered for the plaintiff in the sum of $601.95, the amount prayed for in the petition of the plaintiff. The court included in its judgment rendered upon said verdict interest at the rate of 6 per cent. per annum from the 1st day of January, 1927. The plaintiff prayed for judgment at the rate of 6 per cent. per annum from the date of filing the action.

The first proposition presented is that the court erred in overruling the motion to quash the service of summons for the reason that it did not show service upon W. G. Saunders. The return of the sheriff shows that the summons was served on the 15th day of June, 1931, on Ed Saunders and Bert Saunders personally, and on the Tri-State Supply Company on the 15th day of June, 1931, by serving Ed Saunders, manager of the Tri-State Supply Company. It did not show service on W. G. Saunders. As to the proceedings on the motion, only the order of the court is shown. The testimony, if taken, at such proceedings is not contained in the record. The motion names in the caption Tri-State Supply Company, W. G. Saunders sole owner. It states that "the defendant as above captioned," appearing specially and for the purpose of the motion, moves to quash. It is signed by F. C. Conrad, attorney for the defendant. It is not sworn to. Plaintiff was proceeding against three parties as he thought operating as the Tri-State Supply Company, a fictitious or trade-name, and his petition named the said Tri-State Supply Company, W. G. Saunders, Ed Saunders, and Bert Saunders. Ed Saunders and Bert Saunders made no objection to the service of process at any time. After the overruling of this motion the Tri-State Supply Company, W. G. Saunders, Bert Saunders, and Ed Saunders all joined in a motion to strike the petition because it had not been signed; a motion to make more definite and certain; a demurrer to the petition on several grounds, including attack upon the petition upon the merits, and finally an answer in the form of a general denial combined with a plea of the statute of limitations. At the trial, after certain admissions by W. G. Saunders as to the ownership of the Tri-State Supply Company, the action was dismissed as to Ed Saunders and Bert Saunders. It was not until the trial and the statement above referred to that the record herein disclosed that upon a statement under oath of anyone for W. G. Saunders he was the sole owner of the Tri-State Supply Company. During all this time there was no question as to the service upon Ed Saunders and Bert Saunders, and under the proceedings detailed above we are of the opinion that the court did not commit error in overruling the motion to quash. This court has held that a party may seek to quash the summons and then proceed to his defense without submitting to the jurisdiction of the court so as to waive the error in refusing to quash. Commonwealth Cotton Oil Co. v. Hudson, 62 Okla. 23, 161 P. 535. See, also, Kansas, O. & G. Ry. Co. v. Martin, 175 Okla. 73, 51 P. (2d) 577. But the record must affirmatively sustain the error of the court in refusing to quash the service and show that thereafter the party did not submit to the jurisdiction of the court or waive his right to claim the error. In this connection see Pine v. Hill, 158 Okla. 277, 13 P. (2d) 154, and related cases.

It is next urged that the court erred in excluding certain testimony offered to establish payment. We are of the opinion that the court did not err in excluding this line of testimony. We are not unmindful that under certain facts this court held in the case of Jones v. Reno Mill & Elevator Co., 26 Okla. 796, 110 P. 1071, that where the action is merely for an alleged existing balance due at the time of the institution of the suit, without reference to the extent or amount of original liability, evidence of payment is admissible under a general denial. In that case not only did defendant offer such testimony to sustain payment, but requested to be permitted to amend his answer to allege payment, which request the court denied. And in that case the court stated that it was announcing an exception to the general rule. An obligation to pay money, whether arising on account or other contract, should be paid, and the general rule is that when a payment is relied on it should be pleaded. We hold such rule applies in this case. Eysenbach v. Hunt Co., 140 Okla. 138, 282 P. 295; Barlas v. Catechis, 129 Okla. 142, 263 P. 647; 1 C. J. page 658, sec. 176; Lawless v. Tuthill, 97 Okla. 210, 223 P. 613; Upham Shoe Co. v. Pollard, 111 Okla. 228, 239 P. 244.

The defendant raises the sufficiency of the evidence to sustain the verdict of the jury. We have held that in order to au-

thorize this court to review the evidence and determine its sufficiency to sustain the verdict the defendant must both demur to the evidence and thereafter move for a directed verdict. It appears that the defendant neither demurred to the evidence nor moved for a directed verdict in this case, and the sufficiency of the evidence to sustain the verdict both as to the amount due and on the question of statute of limitations cannot be considered by this court. Bohnsack v. Ponca City Development Co., 167 Okla. 177, 29 P. (2d) 61.

The defendant next complains of the amount of interest allowed and alleges error in that the court computed interest from the 1st day of January, 1927, instead of from the date of filing of the petition, the 13th day of June, 1931. The question of when interest may be allowed on account seems never to have been decided by this court. That interest may be allowed seems the general rule. Defendant cites Continental Rubber Works v. Bernson, 91 Cal. App. 636, 267 P. 553, in which the California court construes their section 3287 of Civil Code, which is identical with our section 9959, O. S. 1931, with the exception of the initial word "every," which appears in our Code as "any," and therein the court said:

"This section has been held to apply to actions upon open accounts. Robinson v. American Fish & Oyster Co., 17 Cal. App. 212, 220, 119 P. 388; Niles Sand, etc., Co. v. Muir, 55 Cal. App. 539, 540, 203 P. 1009; Haun v. Rosenmayer, 46 Cal. App. 353, 358, 189 P. 117; Hanlon Dry Dock, etc., Co. v. McNear, 70 Cal. App. 204, 222, 232 P. 1002; and Williams v. Finn and Treacy, 61 Cal. App. 352, 357, 214 P. 1024. Interest may be allowed as damages incidental to a debt. Conner v. Bank of Bakersfield, 183 Cal. 199, 205, 190 P. 801."

We said in St. Louis, E. R. & W. Ry. Co. v. Oliver, 17 Okla. 589, 87 P. 423:

"In a case tried by jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of allowance of interest until after verdict, and it is clearly ascertainable from the verdict or uncontroverted facts, the dates from which and to which interest should be allowed, and the rate is fixed, the court may make the computation, and add the interest so found to the sum found in the verdict and render judgment for the aggregate amount."

In McEachin v. Kinkaid, 99 Okla. 123, 225 P. 951, we held:

"Where the person in whose favor a verdict is rendered is entitled to interest and there is nothing in the record from which it can be clearly determined whether or not the jury took into consideration the matter of interest in finding the amount of their award, it will be presumed that they included interest."

In the case at bar, in instruction No. 3, the court directed the jury to find the reasonable value of those articles when sold and then deduct from that the amount of payments made and thus determine the value of the property in order to arrive at their verdict, or words to that effect. This is very similar to the situation which arose in the California case, supra. In the syllabus of that case it is stated:

"Plaintiff in action on open account for reasonable 'value' of goods sold is, under Civ. Code, section 3287, not entitled to interest prior to judgment though there was testimony that statement of account showing a claimed balance was served on defendant and payment thereof requested; the demand being unliquidated, and it not being alleged or shown that defendant knew the 'market value' or price prior to the time the court made its findings, or that the goods had a well-established market value of which he could have been charged with knowledge, and no demand for payment being pleaded or found."

We are therefore of the opinion, and hold, in connection with the above authorities that the facts in this case are not clear enough to warrant the action of the trial court in adding to the verdict of the jury the amount of interest except from the date of the filing of the petition, and the judgment of the trial court is modified to include interest at the rate of 6 per cent. per annum from the 13th day of June, 1931, and as so modified the judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur.