PHILLIPS PETROLEUM COMPANY, a cor-
poration, Plaintiff in Error,

v.

UNITED STATES FIDELITY & GUARAN-
TY COMPANY, a corporation,
Defendant in Error.

No. 40943.

Supreme Court of Oklahoma.

Feb. 20, 1968.

Rehearing Denied June 25, 1968.

Wm. J. Zeman, Lloyd G. Minter, Bartlesville, Cecil C. Hamilton, Edward J. Fauss, Oklahoma City, for plaintiff in error.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for defendant in error.

HODGES, Justice.

This is an action by plaintiff Phillips Petroleum Company against defendant United States Fidelity & Guaranty Company to recover on defendant's surety bond guaranteeing payment by W. E. Logan & Sons, a copartnership, hereafter called principal. Plaintiff sued defendant on the bond to recover for materials plaintiff furnished to principal for performance of its contract with the Oklahoma Highway Department on Federal Aid Project No. F-53 (20), in Tulsa and Okmulgee Counties.

Requirement of the bond and procedure for its enforcement, contemporary with the bond and contract here involved, is set forth in 61 O.S.Supp.1955, §§ 1 and 2, as follows:

"§ 1.  Bond to be taken on public works Whenever any public officer shall, under the laws of the State of Oklahoma, enter into contract in any sum exceeding One Hundred Dollars ($100.00) with any person or persons, for the purpose of making any public improvements or constructing any public building or making repairs on the same, such officer shall take, from the party contracted with, a bond with good and sufficient sureties to the State of Oklahoma, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor, material, rental or repair of machinery or equipment furnished in the construction of said public building or in making said public improvements.

§ 2.  Filing of Bond—Action on bond Such bond shall be filed in the office of the clerk of the district

court of the county in which such public improvement is to be made or such public building is to be erected, and any person to whom there is due any sum for labor, material, rental or repairs furnished as stated in the preceding sections, or his assigns may bring an action on said bond for the recovery of said indebtedness; provided, that no action shall be brought on said bond after six (6) months from the completion of said public improvements or public buildings."

The principal has been fully paid for its work by virtue of its contract with the Oklahoma Highway Department. Delivery by plaintiff of the materials involved to principal and its use of them on the project is stipulated. The project was completed June 27, 1957, and the action was commenced by plaintiff March 10, 1958, more than six months after completion of the project, which forms the basic issue of this appeal. The more than five years delay before trial after commencement of the action is not an issue. Plaintiff pleads waiver and estoppel of the defendant to plead the six (6) months provision of § 2, above, retailing the representations and acts of the defendant which lulled plaintiff into not filing its action within the six month period because of its reliance thereon.

The issues were joined by defendant's unverified Answer to plaintiff's Petition and verified account, and plaintiff's reply to defendant's answer.

The case was submitted to the trial court without a jury, and judgment was entered for defendant. Attached to the Journal Entry of Judgment was a Memorandum which contained specific findings by the trial court. Plaintiff has appealed.

Plaintiff has presented four propositions of error upon which it seeks reversal. We consider one of them decisive of this appeal. It focuses on the question of defend-ant's estoppel to rely upon the limitation provision of 61 O.S.Supp.1955, § 2.

Defendant contends that the limitation provision,

"* * * that no action shall be brought on said bond after six (6) months from the completion of said improvements or public buildings.",

is not subject to plaintiff's plea of waiver or estoppel. Defendant further contends that if the limitation provision is subject to the pleas of waiver and estoppel, the evidence is insufficient to establish either.

■ The gist of defendant's position which would deny to plaintiff its plea of estoppel as against the limitation provision of the statute, is that a provision limiting commencement of an action which is contained in a statute which itself creates a new liability and a remedy for its enforcement, is not an ordinary limitation, but is an extinguishment of the remedy. We have recognized the existence of such a distinction in limitation provisions, and have held that when the provision is contained in a statute or statutes which create a new liability and provide for a new remedy for enforcement of that new liability the provision of limitation is not subject to estoppel. Hiskett v. Wells, Okl., 351 P.2d 300. See also Saak v. Hicks, Okl., 321 P.2d 425.

The first question to be decided, then, is whether 61 O.S.1961, §§ 1 and 2 create a new liability or a new right and provide for a new remedy, neither of which would exist independent of these sections.

Defendant cites one case, Metropolitan Casualty Ins. Co. of N. Y. v. Dolese Bros. Co., 163 Okl. 36, 20 P.2d 569, interpreting the sections herein involved which is authority for its position. The pertinent portion of the Court's opinion in that case follows:

"The section provides a remedy in derogation of the common law, and provides for the maintenance of an action against a surety on the bond, which, in the absence of the statute could not be maintained. The action authorized by

the statute can be maintained only when it is commenced within six months from the date the public improvement is completed. The burden was upon the plaintiff to show that the action was commenced within the authorized time. See Glazier v. Heneybuss et al., 19 Okl. 316, 91 P. 872; Chouteau v. Hoss et al., 118 Okl. 76, 246 P. 844; Zahn v. Obert et al., 60 Okl. 118, 159 P. 298; Chicago Bridge & Iron Works v. Walker et al., 120 Okl. 244, 251 P. 478; and Taylor Bros. v. Gill et al., 126 Okl. 293, 269 P. 236, 54 A.L.R. 979."

Of the cases cited with approval in the above quotation, only Chicago Bridge & Iron Works v. Walker, supra, deals with the statutes here under consideration. The others deal with statutes clearly of the creative variety.

In Chicago Bridge & Iron Works, supra, the surety defendant pleaded the six month provision, which the Court called a "statute of limitation", and, although applying the provision as a bar to that action, held,

"The parties might have done everything prior to the passage of the statutes [§§ 7486 and 7487, C.O.S.1921, and now 61 O.S.1961 §§ 1 and 2] that was enumerated and required in section 7486 in relation to the builders bond.",

and

"The right of action in favor of builders and materialmen on the bond will be barred, unless the action be commenced within six months from the date of the completion of the public inprovements or public building, *unless the acts or conduct of the surety against whom the judgment is sought operates to estop such surety from pleading the limitation.*," (Emphasis supplied.)

and in its discussion of the six month provision, the Court said:

"The limitation is disassociated from the requirement to make the bond; it runs against the contract which might have been made before the enactment of section 7486, supra, now required to be made by the section."

■ A reading of the statutes reveals that they create no surety liability; they only require that such liability be created by the bond. A recognition of the legality and enforceability of third-party beneficiary contracts, which is the form and substance of the surety bond, without regard to the statutes here involved, clearly establishes that the language of 61 O.S. 1961, § 2, "* * * any person * * * may bring an action on said bond * * *," is only the preamble to the special limitation for bringing an action upon the bond and neither creates a new liability or right nor provides a new remedy for enforcement of the liability created by a bond executed in conformity with the provisions of the sections.

Kansas and Missouri have treated the identical six month provision of the Kansas statutes (from which our statutes were adopted in 1893) as an ordinary statute of limitation which must be pleaded to be relied upon and which is not co-extensive with the liability created by the contract and bond when sued upon in a foreign jurisdiction. Mitchell v. Ripley, 5 Kan.App. 818, 49 P. 153; Weber Implement and Auto Co. v. Dubach, 132 Kan. 309, 295 P. 979; State of Kansas ex rel. Winkle Terra Cotta Co. v. United States F. & G. Co., 322 Mo. 121, 14 S.W.2d 576. We find no Kansas case to date which treats the six month provision other than as an ordinary (if special) statute of limitation.

Considering the history of the treatment of the sections here involved and our holdings in United States F. & G. Co. v. Star Brick Co., 54 Okl. 103, 153 P. 1122; Southern Surety Co. v. Waits, 45 Okl. 513, 146 P. 431; Meshek v. Cordes, 164 Okl. 40, 22 P.2d 921; and Chicago Bridge & Iron Works v. Walker, supra, we are convinced that the Court's holding in Metropolitan Casualty Ins. Co. of New York v. Dolese Bros. Co., supra, to the effect that the sections here involved,

"* * * provides a remedy in derogation of the common law, and provides for maintenance of an action against a surety

on the bond which, in the absence of the statute, could not be maintained, * * *"

was improvidently rendered, and should be, and is, hereby, overruled. We, therefore, hold that the limitation provision for bringing the action referred to in 61 O.S.1961, §§ 1 and 2, is subject to waiver and estoppel where the necessary facts are established as in other instances of the application of waiver and estoppel to a statute of limitation.

■ As to defendant's position that the evidence in this case is insufficient to establish estoppel, we do not agree. A thorough review of the evidence contained in the record establishes the existence of sufficient competent evidence upon which to sustain the trial court had its judgment been favorable to plaintiff. The determination essential to the propriety of entering a judgment in this cause for plaintiff by this Court is, however, dissimilar to an adjudication sustaining the trial court.

We do not here deem it necessary to review in detail the representations and conduct of defendant which, if relied upon by plaintiff, are sufficient to estop the defendant from pleading the statute of limitations.

The trial court held in its Memorandum as a specific finding of fact that, "No promise to pay the claim was made by the defendant."

Mr. Adams, defendant's authorized agent who conducted the negotiations concerning plaintiff's claim with Mr. Thigpen, plaintiff's authorized agent, testified that on the occasion of his first conversation regarding the claim with Mr. Thigpen, "he [Thigpen] was quite anxious to collect his account and, of course, wanted a commitment from me." Mr. Adams then testified as to his response, in pertinent part, as follows:

"* * * And he asked me if I would look into it and verify it that W. E. Logan and Sons [Defendant's principal] owed this bill, would I pay it? I told them that we were a Surety for the principal, and, naturally, if they owed a bill for which we were liable and we had no defenses, why, naturally, we would pay it. * * *"

Adams further testified that he told Thigpen that he had never received a statement from plaintiff which would have been called a false statement.

In our view, the above quoted testimony of defendant's authorized agent, which is uncontroverted, conclusively establishes that defendant did promise, even though the promise was contingent, to pay plaintiff's claim. The pleadings and the uncontroverted evidence in this case established as a matter of law that the principal did owe the claim; that the defendant was liable for it under its bond; and that no meritorious defense was offered by defendant to it. See Garey v. Rufus Lillard Co., 196 Okl. 421, 165 P.2d 344; and Upham Shoe Company v. Pollard, 111 Okl. 228, 239 P. 244, as limited by Barlas v. Catechis, 129 Okl. 142, 263 P. 647.

The trial court's specific finding that "No promise to pay the claim was made by the defendant.", was contrary to the uncontroverted evidence.

Additional factors bearing upon the question of waiver and estoppel as to the statute of limitations are: (1) the promise of defendant's agent, frequently repeated prior and subsequent to the expiration of the limitation period, to go to Muskogee and check the principal's records [which was not done prior to denial of plaintiff's claim]; (2) the testimony of defendant's agent that he told plaintiff's agent that he "realized it would be necessary to check into the [accounting] procedure involved" and "I would have to check into it."; (3) defendant's response to each inquiry of plaintiff as to the delay in checking the records of the principal, implying that it would be done shortly; (4) defendant's agent's belief, as a lawyer, that the limitation period expired "about the time" he denied the claim, which was exactly a month subsequent to the actual expiration date; and (5) the first response of de-

fendant from its home office in Baltimore, to plaintiff's claim, which included the following assurance, to-wit:

"I feel sure that our Oklahoma City Office will, upon completion of its investigation, promptly advise you of our Company's position regarding this claim."

These facts, and other facts and circumstances which we deem are unnecessary to discuss for the purpose of this decision, provide sufficient competent evidence to sustain an adjudication of implied waiver of the limitation period by defendant and its consequent estoppel to plead the same. Also, the facts and circumstances are sufficient to establish estoppel by inducement.

The question of plaintiff's reliance upon defendant's contingent promise to pay plaintiff's claim is important to the ultimate decision in this case. That factor, reliance, relates to plaintiff's plea of defendant's estoppel to plead the statute of limitation, whether estoppel by waiver or by inducement by conduct and/or promise.

■ The rule regarding waiver of and estoppel to plead the statute of limitations is set forth in Dickson v. Slater Steel Rig Co., 138 Okl. 238, 280 P. 817, as follows:

"As a general rule a debtor, by agreement, either express or implied, may waive the statute of limitations, and in such case he will be estopped from pleading the same as a defense, if the creditor relies upon the agreement, and permits the statutory period to expire before bringing suit."

In Douglass v. Douglass, 199 Okl. 519, 188 P.2d 221, estoppel to plead the statute of limitation was held to exist without the accompanying waiver of it, either express or implied. There we held:

"In order to estop a person from pleading the statute of limitations it is not necessary for such person to agree not to urge it, but it is sufficient if his conduct or promises are such as are naturally calculated to and do 'induce plaintiff into a belief that his claim would be adjusted if he did not sue.'"

By a reading of the above quoted authority it is apparent that whether the estoppel arises from waiver or inducement, he who asserts the estoppel must have relied upon the agreements and/or conduct to his prejudice.

As to reliance by plaintiff upon the contingent promise of defendant to pay the claim, no expression has been given by, or can be implied from, the judgment of the trial court. It is logically axiomatic that when the trial court held that there was no promise, he did not consider the effect of, or the question of reliance by plaintiff upon, the promise.

The importance of consideration of promises made by those sought to be estopped is clearly revealed in Empire Gas & Fuel Co. v. Lindersmith, 131 Okl. 183, 268 P. 218, and Skelly Oil Co. v. Odom, 131 Okl. 183, 268 P. 220. See also, National Zinc Co. v. Crow, 187 Okl. 513, 103 P.2d 560, as to an implied promise to pay as bearing upon estoppel to plead the statute of limitations.

■ We are not unmindful of the presumptions accorded a trial court's findings. Carraco Oil Co. v. Roberts, Okl., 397 P.2d 126. We are aware that an abuse of discretion by the trial court or prejudice to the rights of a litigant will not be presumed. Chase v. Watson, Okl., 294 P.2d 801. When, however, a trial court's specific finding of a fact, which is not justified by the evidence most favorable to the prevailing party, rejects consideration of a clearly ascertainable fact which is manifestly important to a proper factual determination of the issues, the presumptions accorded are not operative to overcome the trial court's specific finding.

■ In that the question of plaintiff's reliance upon the promise and/or conduct of the defendant has not been ascertained or considered by the trial court in connection with plaintiff's plea of estoppel of the defendant to plead the statute of limitations and because that question is a potentially determinative issue of this suit, the case should be reversed for a new trial.

Fox v. National Savings Insurance Company, Okl., 424 P.2d 19.

The judgment appealed from is, therefore, reversed and remanded for a new trial.

JACKSON, C. J., IRWIN V. C. J., WILLIAMS, LAVENDER, and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in the results.

DAVISON, JJ., dissents.