FRANKLIN LUMBER COMPANY, RESPONDENT, v. GLOBE INDEMNITY COMPANY, APPELLANT.

Argued January 6, 1925—Decided October 22, 1925.

Although a person who has furnished materials to be used by a contractor in the construction of a public work is protected by the bond given by the contractor to the public agency, pursuant to chapter 75 of the laws of 1918, his right to notify the surety of the default in payment by the contractor, in case default exists, as a preliminary to bringing suit against the former for the recovery of the debt due to him, and also his right to bring such suit, are each of them postponed until the completion of such work and its acceptance by the public agency.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *William B. Harley.*

For the respondent, *Harry A. Augenblick.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The present action was instituted by the plaintiff against the defendant upon a bond given by Dillon & Wiley, Incorporated, to the board of education of the town of Cranford, and on which the defendant company was surety.   The case was tried before the court without a jury, and resulted in a judgment in favor of the plaintiff.   The defendant appeals.

The following facts were found by the trial court:   In June, 1922, the board of education of the town of Cranford entered into a written contract with Dillon & Wiley, Incorporated, for the construction of a school house and the supplying of all the materials for and the performance of all the work required in such construction.   Upon the same day, pursuant to the provisions of the contract, and in accordance with the requirements of an act of the legislature entitled "An act to protect persons performing labor or furnishing materials for the construction, alteration or repair of public works," being chapter 75 of the laws of 1918, the bond in suit was delivered by the contractors to the board. Its condition is that Dillon & Wiley, Incorporated, will faithfully perform all the provisions of its contract, and also pay all lawful claims of subcontractors, materialmen and laborers for labor performed and material furnished in the carrying out of the contract.   The bond recites that this latter undertaking is for the benefit of all parties furnishing materials used in or doing work upon the building.   The present plaintiff furnished to the contractors a considerable quantity of the lumber used in the building of the school

house, and default having been made by the latter in the payment of the moneys due for that material, the plaintiff, on the 20th day of June, 1923, served upon the defendant surety company a statement of the amount due to it for the materials furnished, together with an itemized copy of its account; and the defendant having failed to pay the amount so due, the present suit was instituted, a summons having been issued on the 27th of August, 1923. All of the material furnished by the plaintiff and used in the erection of the building was in accordance with the specifications annexed to the contract, and was satisfactory to the board, no part of it having been rejected by the architect or any other representative of the board. The notice above referred to was not served by the plaintiff upon the defendant corporation until all the material furnished to the contractors had been used in the construction of the building, but some ten months prior to its completion and acceptance by the board.

The right of the plaintiff to maintain the present action depends upon the true construction of the statute above referred to, in compliance with provisions of which the bond was given. That statute provides that bonds of this character shall not only guarantee to the public board or body the faithful performance of the contract, but shall also contain an additional obligation for the payment by the contractor for all labor performed or material furnished in the construction of a public building or the making of a public improvement. The statute then provides (section 3) that "any person to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, within eighty days after the acceptance thereof by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person. No suit shall be brought against said sureties on said bond until the expiration of sixty days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person may bring an action in his own

name upon such bond, said action to be commenced within one year from the date of the acceptance of said building, work or improvement."

The contention before us of counsel for the plaintiff, and the view entertained by the trial court, was that the right of action given to a materialman or laborer by this statutory provision becomes complete when the material furnished complies with the specifications annexed to the contract is actually used in the construction of the building or the making of the improvement, with the implied approval of the public board or body, and notice is given to the surety within eighty days thereafter of default in payment by the contractor. In other words, that the clause "within eighty days after the acceptance thereof" refers to the acceptance of the material used in the building or on the improvement, and not the acceptance of the completed building or improvement. In our opinions, this view of the construction of the statute is unsound. It will be observed that the latter part of the section above quoted permits the person furnishing material or labor to sue the surety at the expiration of sixty days after service of notice of non-payment by the contractor, and, according to the theory of the plaintiff, before it is known whether the contractor has faithfully performed his contract with the public board or body, and if he has not, what, if any, has been the loss sustained by such board or body through such failure of performance. The primary purpose of the bond, as we understand the statute. is the protection of the public board or body, and the protection of laborers and materialmen is "an additional obligation" assumed by the surety on the bond. The construction put upon the statute by the plaintiff, and adopted by the trial court, subordinates the right of the public agency to be protected against loss, by default of the contractor, to the right of materialmen and laborers to the same protection, allowing the latter first to exhaust the security to the extent necessary to satisfy their respective claims, and leaving the former to reimbursement by the surety only to the extent to which its liability has not already been extinguished, al-

though such existing liability may not amount to fifty per cent. of the loss sustained by the public agency. As we read the act the words "after the acceptance thereof," contained in the third section thereof, refer to the building or improvement which is the subject-matter of the contract, and not to the materials used therein or the work done thereon. It does not disclose a purpose upon the part of the legislature to give preference to the claims of materialmen or laborers over the claims of the public agency, by compelling the surety to pay the claims of the former without regard to the rights of the latter, but, on the contrary, protects those rights by requiring that no step shall be taken by materialmen or laborers looking to the enforcement against the surety of their claims against the contractor, until after the building or improvement has been accepted by such public agency. Upon this construction of the statute notice of default by the contractor in the payment of such debts, in order to constitute a basis for a suit against the surety, cannot be legally served prior to such acceptance.

For the reasons indicated, we conclude that the service by the plaintiff upon the defendant of notice of the default in payment by the contractor, and the institution of the present suit before the school house had been accepted by the board of education, were, each of them, premature, and that, consequently, the judgment under review must be reversed.