ZEIDLER CONCRETE PIPE COMPANY, Appellant, v. RYAN & FULLER et al., Appellees.

38

OCTOBER 25, 1927.

REHEARING DENIED JANUARY 13, 1928.

*W. F. Murphy* and *Thompson & Thompson,* for appellant.

*Bailey & Bailey* and *J. F. Devitt,* for Ryan & Fuller, appellees.

*Messer, Clearman & Olson* and *William McLaughlin,* for Southern Surety Company, appellee.

*William R. Hart,* City Solicitor, for Iowa City, appellee.

KINDIG, J.—All questions for consideration here arise on appellees' (defendants') motions to dismiss appellant's (plaintiff's) petition. Controlling grounds therein relied upon concern: First, failure of the subcontractor, said  Zeidler Concrete Pipe Company, to file verified, itemized statement of its claim against the principal contractor, said Ryan & Fuller, with the city clerk within four months after the last item of material was furnished for a public work in Iowa City, as required by Section 2, Chapter 347, Acts of the Thirty-eighth

General Assembly, and amendments thereto; and second, the neglect of said claimant to bring an action on the statutory bond of said "principal contractor" during six months succeeding the completion of said public improvement, to meet the demands of said legislative enactment.

In the petition the following material facts are stated: On the 12th day of July, 1923, Iowa City entered into an agreement with appellees Ryan & Fuller for the construction of a sewer. Conforming with the legal requirements, the necessary security was furnished through an undertaking executed by the appellee Southern Surety Company, as surety, which was accepted and duly filed. August 11th in said year, appellant orally consented to, and did, deliver for the use of said Ryan & Fuller in the premises a certain number of 21- and 18-inch concrete sewer pipes and other necessaries. Said property was thus furnished during the period beginning August 15th and ending November 1, 1923, for an alleged consideration of $5,696.17. Not until the 9th day of December, 1924, did appellant file with the city clerk its sworn, itemized statement for said account. At that time, however, the city had on hand sufficient moneys due and owing Ryan & Fuller to pay appellant's claim. Completion of said sewer installation by Ryan & Fuller was made on the 15th day of November, 1924.

This action was commenced in law September 5, 1925, to obtain, according to the prayer, judgment against all the appellees for the amount due. Upon consent, said cause was transferred to equity. Whereupon, said motions to dismiss were filed, submitted, and sustained. Accordingly, this appeal was taken.

I. Throughout the argument, appellant proceeds upon the theory that the bond in question was that contemplated by Section 3104 of the Code of 1897. That is incorrect; for the law authorizing the security here involved was Section 1, Chapter 347, of the Acts of the Thirty-eighth General Assembly, as amended. *Francesconi v. Independent Sch. Dist.*, 204 Iowa 307; *Daniels Lbr. Co. v. Ottumwa Sup. & Const. Co.*, 204 Iowa 268.

II. Firm position is also taken by appellant, at the outset, that Chapter 452 of the Code of 1924 does not control, for the reason that the rights of the parties herein became fixed before

said legislation was effective. Concession of the point (or at least acquiescence) is made by appellees, and the case was submitted on the basis of said Chapter 347 of the Acts of the Thirty-eighth General Assembly and future modifications thereof. See Chapter 147, Acts of the Thirty-ninth General Assembly. Chapter 347, as amended, provides:

"Such bond shall be executed in duplicate, one copy of which shall be filed in the office of the clerk of the district court of the county in which such public work is to be performed; and any person for whose benefit the bond is given, or his assigns, may bring an action on such bond for the recovery of such indebtedness; provided, that no such action shall be brought on said bond after six months of the completion of any public improvement or building, and provided that a verified, itemized statement of the claim shall be filed with the city clerk, county auditor or secretary of the school board, as the case may be, within four months after the last item of material is furnished or labor performed."

III. Applying that law to the case at bar necessitates a holding on our part that the action against the Southern Surety Company, appellee, is barred, for two reasons: First, appellant furnished the last item of said material on November 1, 1923, but did not file with said city clerk "a verified statement of the claim" until December 9, 1924, far exceeding the four months' limitation named by the lawmakers; and second, "completion" of said "public improvement" was made November 15, 1924. Nevertheless, this action was not begun before September 5, 1925, thereby overrunning the grace allowed in said Chapter 347 by weeks, and even months. There is no escape from the mandates contained in the act, and those limitations and essentials become a part of said bond, and are conditions prerequisite to recovery thereon. *Francesconi v. Independent Sch. Dist.*, supra; *Daniels Lbr. Co. v. Ottumwa Sup. & Const. Co.*, supra.

IV. Common-law liability against the surety is advocated, to overcome the express application of said legal passages. Previous holdings of this court are to the contrary. Public policy is  involved. Measurement of accountability is gauged by said Code standards, embodying said conditions and contingencies. *Field v. Schricher*, 14 Iowa 119; *United States Fed. & Guar. Co. v*

*Iowa Tel. Co.*, 174 Iowa 476; *Schisel v. Marvill*, 198 Iowa 725; *Zapf v. Ridenour*, 198 Iowa 1006; *Joint Board of Supervisors v. Title Guar. & Sur. Co.*, 198 Iowa 1382; *Nebraska Culvert & Mfg. Co. v. Freeman*, 197 Iowa 720. See, also, *Francesconi v. Independent Sch. Dist.* and *Daniels Lbr. Co. v. Ottumwa Sup. & Const. Co.*, supra. Restatement of the reasons set forth in those very full discussions will not be repeated now.

V. Equally drastic are the conditions precedent for the establishment of a cause of action against the city. Under the law in effect during the period contemplated, subcontractors acquired no right unless proper claim was timely filed, and failure in this respect was fatal. *Independent Sch. Dist. v. Hall*, 159 Iowa 607. Filing at a subsequent time was of no avail, notwithstanding funds still remained in the treasury belonging to the "principal contractor." See *Independent Sch. Dist. v. Hall*, supra. Sections 10308 to 10313 of the Code of 1924 are not considered, because determination of this legal quarrel is governed by Section 3102 of the Code of 1897, as amended by Chapters 347 and 380 of the Laws of the Thirty-eighth General Assembly.

VI. Ryan & Fuller, being the "principal contractors," are in a different position. They suggest the affirmance of the action of the district court in their behalf, on the theory that appellant, having elected to pursue this equitable remedy, cannot recover here against them on the said oral contract. We are constrained to hold otherwise. Prayer for relief was in the nature of a demand for money judgment against these appellants, founded upon said verbal understanding. Inconsistency does not exist, because the other parties were joined and recovery sought against said municipality and bondsmen. Such proceeding did not release the obligation of said "principal contractor." Equity had jurisdiction to afford complete redress. Against this there is no express prohibition in Section 10313 of the Code of 1924 and its antecedents. Every party named was necessary for full award. Ruling of the district court on this phase of the controversy is erroneous.

Other matters are argued, but they are not of sufficient importance to change the result here reached.

Therefore, the judgment of the district court in favor of Iowa City and the Southern Surety Company is hereby affirmed, but that in favor of Ryan & Fuller, a copartnership, James J. Ryan, and George B. Fuller, is reversed and remanded. Two thirds of the costs are taxed against appellant, and one third thereof are assessed to appellee Ryan & Fuller.—*Affirmed in part; reversed in part.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.