E. J. LAVINO & COMPANY, PLAINTIFF, v. NATIONAL
SURETY COMPANY, DEFENDANT.

Decided May 7, 1928.

For the motion, *Carr & Carroll.*

*Contra, William T. Read.*

The opinion of the court was delivered by

KATZENBACH, J. In the above case I allowed a rule to show cause why a judgment entered by default against the defendant should not be opened and the defendant be permitted to file an answer. Under this rule depositions have been taken. The suit was instituted by E. J. Lavino & Company, a corporation (hereinafter referred to as the plaintiff), against the National Surety Company (hereinafter referred to as the defendant), upon a bond given by the National Surety Company, as surety, to the county of Camden under chapter 75 of the laws of 1918. William M. King was the successful bidder for constructing walks, steps, drives and drainage appurtenances in connection therewith at the Camden County Tubercular Hospital located at Lakeland, in the township of Gloucester, in the county of Camden. King and the county of Camden entered into a contract for the performance by King of the work specified. The contract was dated December 11th, 1925. On the same day King, as principal, and the defendant, as surety, executed and delivered a bond to the county of Camden in the penal sum of $30,008.26. The condition of the obligation was that if King should well and faithfully perform his contract and pay all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in the performance and completion of said contract, then the obligation was to be void.

Between April 17th, 1926, and June 9th, 1926, the plaintiff supplied material for this contract to the amount of $3,280.67. After King entered into the contract a corporation was formed by King, Harold P. Fox and Albert R. Mc-Neill, known as the Fox-King Construction Company. The

purpose of the corporation was to engage in the construction business. The corporation was to obtain new work and also to take over certain contracts which King had entered into. One of these contracts was the contract with the county of Camden for the work at the tuberculosis hospital. The corporation was formed prior to the plaintiff's furnishing any material for use at the tuberculosis hospital. It appears as if the material furnished by the plaintiff had been ordered by the Fox-King Construction Company. It was evidently considered, however, by the construction company inadvisable to assign this contract to the construction company. There appears in the minute book of the board of directors of the construction company, under date of March 4th, 1926, the minutes of a special meeting of the board of directors held on that day, in which a resolution reading as follows was adopted:

"It appearing that William M. King has contracts in his own name and now in the course of construction as follows:

| | |
|---|---:|
| Borough of Audobon | $4,033 |
| City of Burlington | 5,392 |
| Blackwood, N. J. | 30,000 |

And that said contracts will be financed and completed by this company, and it is advisable to carry the same on in the name of William M. King, said William M. King offering to complete the contracts for the company in his name and to turn over and pay to the company the proceeds therefrom."

The Blackwood contract mentioned in the resolution was the contract with the county of Camden.

The work under the contract proceeded. The county of Camden as the work progressed paid to William M. King various sums of money. These checks were endorsed by King and then endorsed, "For deposit only—Fox-King Construction Company," showing that the intention as expressed in the above resolution was being carried out. On June 9th, 1926, King received a check for $9,698.49, which he endorsed and collected. King did not turn over the proceeds of the check to the construction company. This produced financial

trouble for the construction company. At first a receiver of the construction company was appointed. It was later adjudged a bankrupt and a trustee of its property was elected in bankruptcy proceedings. Immediately after the receipt by King of the money upon the check given on June 9th, 1926, there was served upon the clerk of the board of freeholders of the county of Camden a notice, dated June 17th, 1926, which recited that on the 4th day of March, 1926, King assigned and transferred to the Fox-King Construction Company the contract mentioned, and that all moneys due thereon and to become due thereon were to be paid to the Fox-King Construction Company and not to William M. King. Five days later another notice was served which recited that the contract stood in the name of William M. King, and that the notice of June 17th was withdrawn, canceled and rendered null and void and the county authorized to pay moneys due or to grow due on said contract to two trustees, lawyers representing the conflicting interests. These notices were served before the receiver was appointed and bankruptcy proceedings taken. No assignment of the contract has been produced or accounted for. The testimony is not clear as to whether an assignment was actually executed.

In order to open a judgment the defendant must show two things—surprise and merits. *Schwenk* v. *DeMaio,* 79 *N. J. L.* 189. In the present case the evidence of surprise is not clear and convincing. It appears that the attorneys of both parties met frequently at a club in Camden for luncheon and some banter took place between them about the case. I would, however, overlook the weakness of the testimony as to surprise if I considered that the defendant had shown that it had to the suit a meritorious defense. The bond sued upon, as has been stated, was given under chapter 75 of the laws of 1918. The act is entitled "An act to protect persons performing labor or furnishing materials for the construction, alteration or repair of public works." It provides that it is the duty of a municipality entering into a contract for municipal work not only to require the usual bond, but that there should be imposed by the bond the additional obligation to assure the payment by the contractor and by all sub-

contractors of moneys due for labor performed and materials furnished in the construction, erection, alteration or repair of such buildings, work or improvement. A right of action under the third section of the statute is given against the surety to any person, firm or corporation to whom any money shall be due on account of having performed any labor or furnished any materials in the construction, erection, alteration or repair of any such building, work or improvement, upon furnishing to the surety on said bond within the time stipulated a statment of the amount due.

The bond itself states that it "shall be for the benefit of any materialman or laborer having a just claim." No question has been raised that the plaintiff did not furnish the material for which it seeks payment. The defense sought to be interposed is that the defendant has been released because the contract was assigned by King to the Fox-King Construction Company, and it is claimed that the bond only protected materialmen and laborers so long as King was the contractor. It affords no protection after the contract was assigned by King. This proposed defense is highly technical. In the long list of authorities submitted by defendant's counsel to show, that a surety is favored in the law, there is no case cited which has any similarity in facts to the present one. In fact, I do not see how any could be cited. The statute is designed for the benefit of those furnishing materials and labor for a public work. In the broadest language possible this intention is shown by the statute and by the language of the bond, of which the form is embodied in the statute. The question in this case seems to me to be whether the plaintiff actually furnished the materials it claims to have furnished for the work comprised in King's contract. There has been no evidence submitted, as has been mentioned, which shows that the plaintiff did not furnish the materials. The surety was responsible, for the payment for these materials under its bond whether ordered by King or by the construction Company. If the construction company ordered the materials it was acting, it seems to me, under the resolution of March 4th, 1926, as the agent of King. But if the construction company furnished the materials and did the work called for by

the contract in the role of an assignee, it would, in effect, be either the contractor or a subcontractor, and the bond is for the protection of those furnishing materials to a subcontractor to the same extent as if the materials were furnished to the contractor. The defendant does not deny that the materials were furnished for the work at the tuberculosis hospital. Whether they were furnished to King through the agency of the construction company, or whether furnished to the construction company for work done by it, makes no difference. When a surety signs a bond containing the broad provisions of the bond sued upon, taken in connection with the provisions of the law, it is presumed to know the extent of its liability. The extent of the defendant's liability in this case included payment to the plaintiff for the materials it furnished. I see no meritorious defense which can be interposed.

The rule to show cause will be discharged.