CORA O'NEILL, PLAINTIFF-RESPONDENT, v. GEORGE W. HENDRICKSON, DEFENDANT-PROSECUTOR.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Carey & Lane.*

For the respondent, *Charles H. Stewart.*

PER CURIAM.

The writ of *certiorari* brings up for review a judgment entered in the Second Judicial District Court of the county of Essex in favor of the respondent, who was the plaintiff below, and against the prosecutor of this writ.

On September 12th, 1927, summons, returnable September 20th, 1927, was issued and duly served. On the return day the cause was adjourned and thereafter continued regularly from time to time until April 27th, 1928. Meanwhile, the plaintiff in the cause had changed attorneys. On the last mentioned date the case was moved, tried and judgment entered. No one was present representing the defendant. The attorney for the defendant thereafter applied to the trial judge to set aside the judgment and hear the matter anew. The trial court denied that application. The defendant now appears as prosecutor of the writ and sets forth five reasons why the judgment below should be set aside and a new trial ordered. They are:

1. The cause was listed for trial and moved to judgment in the District Court in the absence of and without notice to the defendant or his attorneys.

2. The prosecutor had a meritorious defense.

3. The judgment was entered without notice and without due process of law.

4. The judgment below was entered in violation of a stipulation and agreement between the attorneys for the defendant in the suit and the attorney for the plaintiff in the suit, to the effect that the case would not be moved until the attorneys for the defendant were notified.

5. The action of the judge of the District Court in refusing to set aside the judgment on the return of the rule to show cause was an abuse of discretion.

We have examined with care not merely the points as set forth above but the evidence relating thereto, and we find no substance therein. The defendant was duly in court and by regular adjournments was kept in court until the day of trial and judgment. He alleges that there was an oral agreement between counsel that the case would not be moved without notice to defendant's counsel, but this court can take no cognizance of·such an alleged agreement. 3 *Comp. Stat., p.* 4054, § 11. It does not appear that defendant's attorney even listed his name with the clerk of the court as an indication of such representation. It is in evidence that the newly appointed attorney for the plaintiff, in preparation for trial, examined the files of the case, as well as the records of the court, and found no listing of defendant's attorney other than the name of a man who was not an attorney of this state, whose name did not appear in the bar directory and who could not be located. The defendant had his day in court, and if he was not in position to take advantage of it, it was because his attorney had not taken those precautions that the rules and practice require.

We find no abuse of discretion in the action of the District Court judge in refusing to set the judgment aside.

The judgment below is affirmed.