CLARK PLASTERING COMPANY, Respondent, *v.* SEABOARD SURETY COMPANY, Appellant.*

First Department, May 20, 1932.

*Thomas Kiernan* of counsel [*White & Case,* attorneys], for the appellant.

*Gustave B. Garfield* of counsel [*Garfield & Seligson,* attorneys], for the respondent.

* Revd., 259 N. Y. 424.

MERRELL, J. Plaintiff was a subcontractor in the construction of a school building at Linden, in the State of New Jersey, and seeks to recover herein the sum of $1,546.02, balance plaintiff's due upon the performance of its subcontract. The action is brought against the defendant which had executed a bond as surety for the principal contractor in the erection of said school building, one Walter A. Jensen. Jensen had contracted with the board of education of the city of Linden for the performance of the necessary work and the furnishing of materials in the performance of certain mason work in connection with the erection and completion of said school building and had executed a bond to the board of education of the city of Linden in the sum of $215,767 conditioned for the performance of the necessary work and the furnishing of materials required in the performance of said mason work. In its complaint plaintiff alleges that on February 8, 1930, it entered into an agreement in writing as subcontractor with said Jensen, the principal mentioned and described in said bond, for the performance of all labor, materials, for all interior plastering, metal furring and metal lathing necessary in connection with the erection of said school building, for the agreed price of $19,750, and that thereafter plaintiff entered upon the performance of said work and duly performed all the terms, covenants and conditions of the said contract on its part to be performed, and on or about October 24, 1930, plaintiff had fully completed the performance of said contract on its part to be performed. Plaintiff alleges that a balance was due and owing to plaintiff from said Jensen of $1,546.02, for which judgment was demanded against the defendant surety company on its bond. The bond in question provided that Jensen, the main contractor: "Shall pay all lawful claims of sub-contractors, materialmen and laborers for labor performed and materials furnished in the carrying forward, performing or completing of said contract, * * * the contractor and surety agreeing and assenting that this bond shall be for the benefit of any sub-contractor, any materialmen or laborers having a just claim, as well as for the Board of Education of the City of Linden, County of Union and State of New Jersey." It is the contention of the plaintiff, respondent, that Jensen, having defaulted in paying plaintiff the balance due, the surety on the bond became liable therefor.

As to the first ground urged by the defendant, appellant, for a reversal of the order appealed from, the appellant contends that the court should have dismissed the complaint for want of jurisdiction of the courts of this State, and in this respect the appellant urges that the bond in question was a statutory bond given pursuant to the statutes of the State of New Jersey, and that the bond and

statute must be read together. On the other hand, the plaintiff, respondent, contends that the bond in question was a common-law obligation on the part of the defendant and that as such it is enforcible in the State of New York, irrespective of the New Jersey statute. The provisions of the New Jersey statute, being sections 107–149C of the Cumulative Supplement to the Compiled Statutes of New Jersey (being chapter 75 of the Laws of New Jersey, 1918) is quoted *in extenso* in the answer of the defendant, appellant. Reference will be hereinafter made to some of the provisions of said statute. At this time it is sufficient to state that the statute provides that when public buildings or other public works or improvements are about to be constructed at municipal expense or for a school district, it shall be the duty of the proper officer to require the usual bond with good and sufficient sureties and with certain additional obligations for the payment by the contractors and by all subcontractors for all labor performed or material furnished in the construction, erection, alteration or repair of such buildings, work or improvements. The statute describes the manner in which the bond shall be executed and provides that it be deposited with or held by such board, officer or agent for the use of any party interested therein, and also prescribes the manner in which it shall be enforced. The statute sets forth the form of the bond to be executed. The defendant, appellant. contends that plaintiff, by its action, is seeking to invoke the benefits of the statutes of New Jersey and to recover upon a bond executed by the defendant pursuant to said statutes. The bond in suit was executed in the city of Newark, State of New Jersey. The statute in question further provides a special or peculiar remedy and if the bond upon which plaintiff sues was good pursuant to such statute, the defendant, appellant, insists that it is only enforcible within the jurisdiction where the statute operates. We think the contention of the appellant in this respect is sound, and that plaintiff should have pursued its remedy in the courts of the State of New Jersey upon the bond which we regard as drawn to conform to the statutes of that State. (*Marshall* v. *Sherman*, 148 N. Y. 9; *Christensen* v. *Eno*, 106 id. 97.) The Supreme Court of New Jersey has held that actions upon such a bond and the enforcement of its provisions must be strictly followed and if not there may be no recovery upon the bond. (*Franklin Lumber Co.* v. *Globe Indemnity Co.*, 102 N. J. Law, 9; 130 Atl. 608.)

As to the defendant's motion for dismissal of the complaint for insufficiency, assuming, as I think we must, that the bond in suit was a statutory obligation executed pursuant to the requirements of the New Jersey statute, the plaintiff does not state facts sufficient

to constitute a cause of action, in that plaintiff failed within the time prescribed in the bond to notify the surety of the amount due plaintiff upon the default of Jensen.

Subdivision 4 of sections 107–149C of the Cumulative Supplement to the Compiled Statutes of New Jersey provides as follows:

" Form of bond — conditions of recovery — stipulation.  4. The bond hereinbefore provided for shall be substantially the following form, *and recovery of any claimant thereunder shall be subject to the conditions and provisions of this act to the same extent as if such conditions and provisions were fully incorporated in said bond form.* * * *."  (Italics are the writer's.)

The language of this section of the bond is very clear, and it seems plain to us that any rights which plaintiff may have under the bond in suit must be based on some provision of the statute itself.  Subdivision 3 of sections 107–149C of said statute provides as follows:

" Sureties notified — bringing action.  3. Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, within eighty (80) days after the acceptance thereof by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation.  No suit shall be brought against said sureties on said bond until the expiration of sixty (60) days after the furnishing of said statement.  If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, said action to be commenced within one year from the date of the acceptance of said building, work or improvement."

Under the last above-quoted provision of the statute the plaintiff was bound to furnish the surety on the bond with a statement of the amount due within eighty days after acceptance of the work by the duly authorized board or officer and no suit could be brought against the surety on the bond until the expiration of sixty days after the furnishing of said statement.  No such statement was ever furnished by plaintiff to the surety within the said eighty-day period or at any other time, and under the provisions of subdivision 4, above quoted, any recovery under the bond must be " subject to the conditions and provisions " of the act.  The defendant contends and has so alleged in its answer that the plaintiff has not complied with the statutory " conditions " to which any recovery by it is " subject."  The statute (Subd. 3) expressly requires as a condition precedent to any recovery on  a public contractor's

bond by a claimant such as plaintiff the furnishing of said statement within said eighty-day period. The Supreme Court of New Jersey in *Lavino Co.* v. *National Surety Co.* (104 N. J. Law, 475; 141 Atl. 663) wrote: " A right of action under the third section of the statute is given against the surety to any person, firm or corporation to whom any money shall be due on account of having performed any labor or furnished any materials in the construction, erection, alteration or repair of any such building, work or improvement, *upon furnishing to the surety on said bond within the time stipulated a statement of the amount due.*" (Italics are the writer's.) In our opinion there is no question that the bond in suit was an obligation on the part of the defendant entered into pursuant to the said New Jersey statute, and as such is only enforcible pursuant to the terms of that statute. The New Jersey courts have uniformly held that any remedy against a surety on such a bond must be pursued in strict conformity with the statute. In *Fireproof Products Co.* v. *Dreher* (104 N. J. Law, 660; 141 Atl. 795) the Court of Errors and Appeals of New Jersey denied a recovery to a material-man who had furnished a statement to the surety *before acceptance* of the work by the proper public authority. Circuit Judge DUNGAN, writing for that court in that case, said in part: " The act requires that the corporation furnishing any material shall ' within eighty days after the acceptance thereof by the duly authorized board or officers ' of the municipality, ' furnish the sureties on said bond a statement of the amount due to any such  *  *  *  corporation.' In this case it is admitted that the statement was furnished on May 15, 1923, and that the work was not accepted by the municipality until July 18, 1923.

" This question has ·been decided by the Supreme Court in the very recent opinion in the suit of *Franklin Lumber Co.* v. *Globe Indemnity Co.*, 102 N. J. L. 9, which holds that a statement furnished prior to the acceptance of the work by the municipality is not a compliance with the act, and that where it appears that such statement was furnished prior to such acceptance the plaintiff cannot recover. That is decisive of this case, and judgment is therefore given in favor of the defendants."

From the language above quoted it will be seen with what meticulous precision the New Jersey courts enforce the provisions of the statute pursuant to which the bond was given. (See, also, *Franklin Lumber Co.* v. *Globe Indemnity Co.*, 102 N. J. Law, 9; 130 Atl. 608.) The courts of other jurisdictions under similar statutes have required that the provisions of similar statutes must be strictly followed. (*Chicago Bridge & Iron Works* v. *Walker*, 120 Okla. 244;

251 Pac. 478; *Ledingham* v. *City of Blaine*, 105 Wash. 253; 177 Pac. 783; *Powers Regulator Co.* v. *Taylor & Co.*, 225 Mass. 292; 114 N. E. 356; *Zeidler Concrete Pipe Co.* v. *Ryan & Fuller*, 205 Iowa, 37; 215 N. W. 801.) The case of *Zeidler Concrete Pipe Co.* v. *Ryan & Fuller* (*supra*) arose in the State of Iowa. The Supreme Court of that State, in denying a claim against a surety because of the plaintiff's failure to follow the provisions of a similar statute, said (at p. 40): " There is no escape from the mandates contained in the act, and those limitations and essentials become a part of said bond, and are conditions prerequisite to recovery thereon." The only pretense on the part of the plaintiff that it complied with the provision as to giving notice to the surety, pursuant to subdivision 3, is the allegation in the complaint that plaintiff duly demanded of the defendant the sum in question as its due. We do not think such a demand was a compliance with the statute, and that in order for plaintiff to state a good cause of action it was necessary for it to allege that it complied with the statutory provisions giving a right of action upon the bond. In the absence of express allegations of compliance with the statute, in our opinion, the complaint fails to state a cause of action, and the court below should have dismissed the same upon that ground alone.

We are of the opinion, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion for dismissal of the complaint granted, with ten dollars costs.

McAvoy and Sherman, JJ., concur; Finch, P. J., and Martin, J., dissent on the ground that the complaint states a good cause of action.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.