10 N.J. Super. 384 (1950)
76 A.2d 712
JOHN H. WILLIAMS, PLAINTIFF,
v.
MAMIE KNOX, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 2, 1950.
*386 Mr. Samuel Moore (Mr. Irving I. Jacobs, of counsel), for the motion.
Mr. Isaac Nutter, contra.
WOODS, J.S.C.
Defendant moves for an order to relieve her from the judgment entered against her in the above entitled cause, on the grounds that the failure to file her answer and counterclaim with the clerk of the court was due to inadvertence or excusable neglect, and for permission to immediately file the same and to defend the action on its merits.
The facts appear to be that a summons and complaint were served on the defendant, Mamie Knox, on December 8, 1948; that on January 4, 1949, Samuel Moore, Esq., attorney for Mamie Knox, answered and counterclaimed; that the service of the answer and counterclaim was duly acknowledged by S. Paul Ridgway, Esq., plaintiff's attorney, on January 4, 1949 (by inadvertence endorsed 1/4/48); that on January 18, 1949, the plaintiff's attorney served on the defendant's attorney an answer to the counterclaim and filed the copy thereof with the Clerk of the Superior Court at Trenton. In January, 1949, Mamie Knox instituted criminal proceedings against the plaintiff, through other counsel, and at this time borrowed the file from the office of Samuel Moore, Esq., and had the same in her possession for several months. On March 18, 1950, the defendant's attorney received from the clerk of this court, a notice advising that on April 21, 1950, the case *387 would be dismissed for want of prosecution and it was then that he learned that the answer had never been filed with the clerk of the court. On April 3, 1950, judgment was entered in favor of the plaintiff by default, and the defendant was notified thereof and advised that execution would issue unless she paid the judgment at once. Three months later, on August 9, 1950, an alias execution issued and on August 18, 1950, the Sheriff of Atlantic County levied upon the household furniture of the defendant. On September 2, 1950, the defendant's attorney filed notice of motion pursuant to Rules 3:55-3 and 3:60-2.
We have real the affidavits of the various parties to these proceedings, as well as the briefs of counsel, and we have heard oral argument thereon.
Rule 3:60-2 provides, inter alia, that on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect. The authority so given is to be exercised within the sound discretion of the trial court.
The effort of the defendant to vacate the judgment rests upon the claim that the failure to file the answer and counterclaim with the clerk of the court was an inadvertence or an excusable neglect. The affidavit of Samuel Moore, Esq., states that he prepared the answer and counterclaim and duly served a copy thereof upon Mr. Paul Ridgway, plaintiff's attorney, and obtained his acknowledgment thereto; that he then delivered the original and copy of said answer and counterclaim to the office of Irving I. Jacobs, Esq., who is associated with him as of counsel in this cause and instructed Mr. Jacob's secretary to bring it to his attention for filing; that he believes that the original and first copy were inadvertently placed in the office file of this action and was not sent to the clerk's office for filing; that he heard no more about the case until August 7, 1950 (19 months later), when the defendant called him and reported that the sheriff was making a levy upon her property. The defendant's affidavit states that upon being *388 served with the summons and complaint in December, 1948, she discussed the matter with Samuel Moore, Esq., and Irving I. Jacobs, Esq., and understood that an answer and counterclaim was prepared in her behalf; that in January, 1949, she obtained the complete file in this matter from the office of Mr. Jacobs and retained the same in her possession until the conclusion of a criminal matter in the Atlantic County Court, when she returned the file to Mr. Jacobs' office; that she did not know that the original answer and counterclaim was contained in said file; that she believes she has a bona fide defense on the merits of the action; that she did not know the original answer and counterclaim had not been filed in the clerk's office; that the non-filing was an inadvertence.
It must be observed that the plaintiff was not unduly punctual in taking judgment. He allowed more than a reasonable time to elapse after answer day before he demanded the relief to which he appeared by the record to be entitled.
It has been held by our courts that when an act is adopted in this State which is a substantial reproduction of the statutes of another state on the same subject, the interpretation of the act by the courts of that state will be presumed to have been accepted by the Legislature of this State as indicating its purpose and effect. Rutkowsky v. Bozza, 77 N.J.L. 724 (E. & A. 1909); Ford Motor Co. v. N.J. Department of Labor, 7 N.J. Super. 30 (App. Div. 1950). Rule 3:60-2 follows Federal Rule of Civil Procedure 60(b) which had its source in a comparable provision of the California Code. In California it has been held that the pressure of other business, the confusion of a pleading among papers in an attorney's office, are inadequate to show excusable neglect. There, too, the preparation of an answer and the failure to file it under the mistaken impression that it was filed is not such inadvertence as will support relief from the consequences of failure to make the filing. Shearman v. Jorgensen, 106 Cal. 483 (Sup. 1895). It has been held also that neither inadvertence nor excusable neglect within the statute is shown by the fact that an attorney employed by the party, on receiving *389 a cross-complaint, delivered it to his stenographer with instructions only to place it in the office files, but took no further step respecting answer, whereupon his client was defaulted. Ross v. San Diego Glazed Cement Pipe Co., 50 Cal. App. 170 (1920). In Doyle v. Rice Ranch Oil Co., 28 Cal. App.2d 18 (1938), it was considered that a showing that one of the attorneys for the defaulted party prepared an amended complaint during a period of illness of the stenographer of an associate attorney and mistakenly thought it had been transmitted by mail for filing, when in fact the stenographer's illness had prevented such mailing, was inadequate to disclose excusable neglect. Significantly, the court said: "The affidavit reveals neglect, but not excusable neglect. Carelessness and negligence is not akin to excusable neglect." The federal courts have followed these cases, and in Ledwith v. Storkan, 2 F.R.D. 539 at page 543, the court said: "Whether inadvertence or neglect be relied upon for relief from default, the offending act or omission must be excusable." Mere neglect or inadvertence resulting in default will not alone justify the vacation of the ensuing judgment, but the neglect or inadvertence must be excusable and real, and practical grounds for excuse must be factually shown in support of a motion to set aside judgment.
Our own courts have held to the effect that a party seeking relief from a judgment regularly taken against him by default must show a good excuse for failing to appear or plead in due season, E.J. Lavino & Co. v. National Surety Co., 104 N.J.L. 475 (Sup. Ct. 1928); and further that where a defendant was properly served, he was chargeable with knowing the consequences of the law suit. Hanover Trust Co. v. Rizzo, 110 N.J.L. 581 (Sup. Ct. 1933). As a general rule, the negligence of an attorney is imputable to his client, and the latter cannot be relieved from a default judgment taken against him in consequence of the neglect, carelessness, forgetfulness, or inattention of the former, unless the neglect was excusable under the circumstances. 49 C.J.S. 634, O'Neill v. Hendrickson, 147 A. 721. The negligence *390 of an attorney may be excusable when attributable to an honest mistake, an accident, or any cause which is not incompatible with proper diligence. The diligence required of an attorney is such as a man of ordinary prudence gives to his own important business. No ordinarily prudent or reasonable man would have ignored the case against him from January 4, 1949, until August 7, 1950, as the defendant and her attorneys appear to have done. Palm Beach Mercantile Co. v. Ivers, 2 N.J. Super. 5, at p. 10.
There is another phase to this case which is noteworthy. Defendant, after starting her civil suit, determined to reach the plaintiff by way of a criminal complaint. In this procedure she failed both in the municipal court and in the county court. Further, for the criminal action she appears to have changed counsel. It is quite apparent that the neglect is to be charged not only to counsel, but to the defendant herself. A plaintiff is not to be penalized or made accountable for the indifference, or inertia, of a defendant properly served. Hanover Trust Co. v. Rizzo, supra.
Consonant with the cases cited by the attorney for the plaintiff and the argument presented to this court, we fail to see how the relief prayed for can be granted. Accordingly, it will be denied on condition, however, that credit be allowed for the Brick Lumber Company judgment paid by the defendant.