**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DALE JENKINS,

      Plaintiff-Appellant,

v.

EVERGREEN NATIONAL
INDEMNITY COMPANY,

      Defendant-Appellee.

No. 01-5042
(D.C. No. 99-CV-500-E)
(N.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this diversity action, plaintiff Dale Jenkins appeals a grant of summary judgment in favor of third-party defendant Evergreen National Indemnity Company on Jenkins' claim for recovery under a construction bond. Jenkins argues on appeal that the district court erred in holding that his claim was barred by the statutory one-year limitations period for materialmen to bring an action against the surety of a public works contractor. We determine that, under the circumstances of this case, Evergreen may be equitably estopped from asserting a statute of limitations defense. Accordingly, we reverse the judgment against Jenkins and remand for further proceedings.

## FACTUAL BACKGROUND

Jenkins is the assignee of a materials supplier to G.W. Starr Pipeline, Inc., the general contractor for a public works project for the City of Broken Arrow, Oklahoma. Evergreen issued a labor and materialman's bond on the project, through an employee of its agent, Courtney & Associates. Although the employee wrote the bond in September 1997 and promptly sent a copy to the City for its statutorily-required records, she did so without the authorization of either Evergreen or Courtney. Evergreen's underwriter accepted the bond in December 1997, but the bond's existence was not reflected on Evergreen's computer system.

Jenkins supplied materials to the project through February 18, 1998. Because Starr failed to make payment, Jenkins' counsel pursued collection efforts

against Starr and sought information on the project bond. He made an informal attempt to obtain a copy of the bond from the City, but did not follow through when told that Starr had performed a number of City projects, that the files were closed, and that the bonds on these projects could be obtained only through a formal open records act request. Jenkins' counsel did not follow through on the open records act request.

Instead, he learned Courtney was Starr's bonding agent and, on October 16, 1998, sent Starr a demand letter, with copies to Courtney and the City. Evergreen's claims representative responded to the letter by informing Jenkins that Evergreen had not written a bond covering the supplied materials and advised that the applicable bond was probably issued by Chatham Reinsurance Corporation.

Jenkins filed suit against Chatham on May 25, 1999. Two months later, he discovered through correspondence from Courtney that, in fact, Evergreen had issued the applicable bond. Jenkins then asked for leave of court to amend his complaint to add Evergreen as a third-party defendant and moved to dismiss Chatham by stipulation of the parties. The amended complaint naming Evergreen was filed October 19, 1999.

Evergreen moved for summary judgment on the ground that Jenkins' suit was barred by Okla. Stat. tit. 61, § 2(A), which requires that an action for

payment under a bond insuring a public works project is to be filed no later than "one (1) year from the day on which the last of the labor was performed or material or parts furnished." Evergreen's premise was that the claimed materials were last supplied on February 18, 1998, therefore Jenkins' complaint should have been filed before February 18, 1999. Jenkins argued that Evergreen was equitably estopped from asserting a statute of limitations defense because, through its agent, it had caused Jenkins to sue the wrong insurance company.

The district court rejected Jenkins' argument, determining that it may have been "valid if Jenkins had sued Chatham within the one-year period and then tried to have the later claim relate back to the date that Chatham was sued." Appellant's App. at 312. The court reasoned, however, that "[w]hether Evergreen knew, or should have known, that [its] information was incorrect is irrelevant" to the summary judgment motion because "[t]he information given to Jenkins by Evergreen might have caused Jenkins to originally sue the wrong party, but it did not cause Jenkins to sue the wrong party _after_ the February 18, 1999 deadline." _Id._ at 313. Based on this rationale, the court granted Evergreen's motion for summary judgment. This appeal followed.

**DISCUSSION**

On appeal, the district court's grant of summary judgment is reviewed *de novo* , see *Kaul v. Stephan* , 83 F.3d 1208, 1212 (10th Cir. 1996), affording no deference to the district court's legal rulings concerning Oklahoma law, *see Salve Regina Coll. v. Russell* , 499 U.S. 225, 238-40 (1991). We consider the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Cooperman v. David* , 214 F.3d 1162, 1164 (10th Cir. 2000). Summary judgment is proper if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. *Hulsey v. Kmart, Inc* ., 43 F.3d 555, 557 (10th Cir.1994).

At the outset, we conclude that the district court erred in rejecting Jenkins' equitable estoppel argument outright: the untimeliness of Jenkins' suit against Chatham does not provide grounds for entry of summary judgment in favor of Evergreen. Instead, the proper focus is on whether Evergreen is estopped from relying on the one-year statute of limitations set out in Okla. Stat. tit. 61, § 2(A). [1]

---

[1] The district court may have analyzed the case under Fed. R. Civ. P. 15(c)(3), which provides that, under certain circumstances, an amendment changing or adding a party may relate back to the date of the original

(continued...)

The Oklahoma Supreme Court has held that, with regard to actions on a public works bond, the limitation provision "is subject to waiver and estoppel where the necessary facts are established as in other instances of the application of waiver and estoppel to a statute of limitations." *Phillips Petroleum Co. v. United States Fid. & Guar., Co.*, 442 P.2d 303, 307 (Okla. 1968). The essential elements of equitable estoppel in Oklahoma include: (1) "a false representation or concealment of facts," (2) the representation or concealment "must have been made with knowledge, actual or constructive, of the real facts;" (3) "the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts;" (4) the representation "must have been made with the intention that it should be acted upon;" and (5) "the party to whom it was made must have relied on or acted upon it to its prejudice." *Dixon v. Roberts*, 853 P.2d 235, 239 (Okla. Ct. App. 1993) (quoting *Lacy v. Wozencraft*, 105 P.2d 781, 783 (1940) (additional quotation omitted). Oklahoma courts generally "refuse to give effect to an estoppel where the parties were equally well informed as to the essential facts or where the means of knowledge were equally open to them." *Hillers v. Local Fed. Sav. & Loan Ass'n*, 232 P.2d 626, 630 (Okla. 1951).

---

[1](...continued)
pleading and thus salvaging an untimely claim. Here, the date of Jenkins' original filing against Chatham is immaterial to a determination of whether Jenkins' suit against Evergreen is timely filed.

-6-

Thus, a party "who claims the benefits of an equitable estoppel on the ground that he has been misled through the conduct of another must not have been misled through his own want of reasonable care." *Id.*

Because of its truncated disposition of this matter, the district court did not examine the summary judgment filings to determine whether Jenkins has raised material issues of fact on each of the elements of equitable estoppel. Our *de novo* review of the record, however, reveals that the facts are disputed concerning two material issues: the state of Evergreen's "knowledge, actual or constructive, of the real facts" at the time its agent denied Evergreen's responsibility, *see Dixon*, 853 P.2d at 239, and also whether Jenkins's counsel was "misled through his own want of reasonable care" when he relied on Evergreen's representations rather than pursuing an Open Records Act request, *see Hillers*, 232 P.2d at 630. Accordingly, on the present record, entry of summary judgment was inappropriate. [2]

---

[2] We note that Jenkins has also made an equitable tolling argument, claiming that the statute of limitations should be tolled from the date of the alleged misrepresentation until the date of his discovery of the alleged misrepresentation. In Oklahoma, fraud or concealment can toll a statute of limitations, generally on tort claims. *See Samuel Roberts Noble Found., Inc. v. Vick*, 840 P.2d 619, 626 (Okla. 1992). Because of our disposition of Jenkins' equitable estoppel argument, we do not determine whether the doctrine of equitable tolling applies to Jenkins' bond claim.

We therefore REVERSE the district court's grant of summary judgment and we REMAND to the district court for proceedings consistent with this order and judgment.

Entered for the Court


John C. Porfilio
Circuit Judge